## J. M. Liles v. A. Woods & Co.

(Case No. 1491.)

1. Jurisdiction — Venue.— After exceptions sustained to citation to defendant and to service, the defendant voluntarily appeared, no new process having issued, and filed pleas to the jurisdiction of the court only as to the subject matter of the suit and the venue of the cause, defendant alleging that he was not a citizen of Texas. Held,

  (1) The defendant's appearance being voluntary, the court had jurisdiction of his person as fully as though he had been served with proper process.

(2) The court having jurisdiction of his person and he being a non-resident, the suit was properly brought in the county of the plaintiff's residence.

(3) The defendant being sued for damages on account of a conversion of plaintiff's property, it was immaterial where the property was when the suit was brought, or whether it was wrongfully converted within or without the state.

(4) It was equally unimportant whether defendant had received the property under a contract to deliver within this state or not.

(5) Having voluntarily given to a court of Texas jurisdiction of his person, he could not on a subsequent appeal to the district court withdraw jurisdiction from that court, but the power existed in that court to declare the extent of his liability, and enforce payment thereof by sale of any property belonging to him found within the limits of the state.

2. JUDGMENT — EVIDENCE.— A judgment involving rights to property is not admissible in evidence in a suit against one claiming it by purchase before the institution of the suit, and who was not a party thereto.

ERROR from Newton. Tried below before the Hon. W. H. Ford.

This was a suit originally instituted by appellees before a justice of the peace in Newton county. Exceptions to the service of citation were sustained April 9, 1881, when Woods & Co. obtained leave to amend. On the 25th of June following, without new citation or service, the defendant Liles voluntarily appeared, and made no objection on account of service, but objected to the jurisdiction for the causes stated in the opinion.

The suit was to recover damages for an alleged wrongful conversion of cotton purchased by Woods & Co. from one Abbott. That purchase was prior to the institution of a suit by Abbott against Liles in Louisiana by sequestration for the cotton, on account of the alleged conversion of which Liles was here sued. In the Louisiana suit (to which Woods & Co. were not parties) judgment was obtained by Liles against Abbott, under which the cotton was sold. The Louisiana judgment offered here in evidence was excluded, to which Liles excepted.

*Scott & Levi*, for plaintiff in error.

I. The court erred in overruling defendants' plea to the jurisdiction of the court, in that J. M. Liles was a citizen of the state of Louisiana and had not been legally cited. Sayles' Pleading, secs. 47 and 50, and authorities cited.

II. The sworn plea being good on its face, and no demurrer having been filed to it, it was not competent for the court to overrule the plea of its own motion, without hearing any evidence as to its truth or falsity; without considering its truth or falsity himself, or submitting it to the jury. The court overruled the plea as matter of law.

III. Liles being a citizen of Louisiana, and the suit being entirely *in personam* for an alleged tort and breach of contract begun and ended in Louisiana, the courts of Texas had no jurisdiction of the case, even though Woods & Co. were citizens of Texas. Pennoyer *v.* Neff, 5 Otto, 714.

IV. Even if it be conceded that the facts alleged gave the court such jurisdiction over Liles, a citizen of Louisiana, as warranted a personal judgment against him, he was not cited to appear as the law requires, and his plea should have been sustained. R. S., arts. 1230–1235.

V. The court erred in sustaining plaintiffs' objections to the introduction in evidence of a certified copy of the judgment of the district court of Vernon parish, Louisiana, containing the proceedings had in a certain cause therein tried wherein J. M. Liles was plaintiff and J. W. Abbott (from whom plaintiffs allege they bought three bales of cotton) was defendant, brought by J. M. Liles, as a retail merchant, against J. M. Abbott, to enforce his lien and privilege on the three bales of cotton described in plaintiffs' citation in this cause.

VI. The district court of Vernon parish, Louisiana, having jurisdiction of the cotton and of Liles, and having acquired jurisdiction of Abbott for the purposes of the proceeding *in rem* by appointment of an attorney *ad hoc*, and having disposed of the property to satisfy Liles' lien, Liles could not be held to be a trespasser on said cotton as against Woods & Co., and the transcript should have been admitted to establish the defense pleaded.

VII. Even conceding that in such a case Woods & Co. could not be affected in their title to personal property in Louisiana by a proceeding *in rem* in Louisiana, because they were not parties thereto, yet in connection with and in support of Liles' allegation of fraud and collusion between Abbott and Woods & Co., and his allegations that Woods & Co. bought such cotton with a knowledge of his (Liles') lien thereon, the transcript was admissible to show that Liles, as against Abbott, had a valid lien on said cotton. R. S., art. 2465; Howerton *v.* Holt, 23 Tex., 60; Linn *v.* Wright, 18 Tex., 336; Briscoe *v.* Bronaugh, 1 Tex., 335; Pasch. Dig., art. 3876, and annotations.

*W. B. Denson,* for defendant in error.

STAYTON, ASSOCIATE JUSTICE.—Whether the citation and notice served upon Liles were sufficient or not, it is not necessary, as the

case is presented by the record, to consider; nor is it necessary to consider the sufficiency of the service, for the court sustained exceptions to the service on the 9th of April, 1881, and continued the cause until the next term.

It does not appear that subsequent to that time any service was had upon Liles, and he was therefore under no obligation to appear; but the record shows that he did appear on the 25th of June, 1881, and took no exception to the jurisdiction of the court over him for want of service, but then filed pleas to the jurisdiction of the court, setting up the following matters:

1st. That he was not a resident of Texas.

2d. That the cotton for the value of which he was sued was at the time of the institution of the suit, and still continued, without the jurisdiction of the court.

3d. That the tort complained of, if any, was committed in Louisiana and not in Texas.

4th. That the contract to ship the cotton was not agreed to be performed in Texas, with the further general averment that he came within none of the exceptions provided by the statutes of the state which would confer jurisdiction upon the court.

All of these pleas went to the jurisdiction of the court as to the subject matter of the suit, and to the venue of the case.

These pleas were overruled, and a trial was had which resulted in a judgment for the plaintiffs. Under this state of facts it must be held that his appearance was voluntary, and that the court had jurisdiction of his person as fully as though he had been served with proper process within this state.

It is claimed that the court erred in overruling the pleas to the jurisdiction of the court. There was no error in this respect.

It was unimportant whether he was a resident of the state or not; by his voluntary appearance he gave the court jurisdiction of his person, and being a non-resident, the suit was properly brought in the county of the residence of the plaintiffs.

It was equally unimportant where the cotton which it was claimed that he had converted was, at the time of the institution of the suit, or at any other time, as was it unimportant where he made the conversion.

It was also unimportant whether he had received the cotton under a contract to deliver it in this state or not. He was sued for the value of cotton which it was alleged belonged to the plaintiffs and had been converted by him. Wherever he may have resided, and wherever he may have converted cotton which belonged to the

plaintiffs, the courts of this state (he having voluntarily given them jurisdiction over his person) had jurisdiction to declare the extent of his liability, and to enforce payment thereof by sale of any property belonging to him which may be found within the limits of the state.

Having voluntarily given the justice's court jurisdiction over his person, upon his subsequent appeal to the district court, he could not withdraw such jurisdiction from that court.

To the suit in the district court for Vernon parish, Louisiana, brought by Liles against Abbott, Woods & Co. were not parties, and the judgment rendered in that cause was not admissible in evidence for the purpose of showing that Liles had a right to have the same subjected to sale for payment of the debt due to him from Abbott, that was superior to the right which Woods & Co. had to the property under their purchase from Abbott, their purchase being prior to the institution of that suit. Freeman on Judgments, 607*a;* Magee *v.* Beirne, 39 Pa. St., 50.

There being no error in the judgment, it is affirmed.

AFFIRMED.