## I. & G. N. R'y Co. v. Charles Brett, Jr.

(Case No. 5152.)

1. PRACTICE — SERVICE. — A motion to quash a citation for alleged defects therein, on which no action of the district court was procured until two terms had intervened, presents no question which will be considered on appeal; for, under the statute, if either the citation or the [service thereof

had been acted on and held defective at the term when the motion was filed, under the sta'ute the defendant would have been regarded as having made his appearance at the succeeding term.

2. SAME.— When no excuse is shown for not procuring the action of the district court on a motion to quash a citation for defects therein during the term at which it is filed, the right to urge the objection at a subsequent term is waived.

3. PRACTICE.—Special demurrers, on which no action of the court below has been procured, will be regarded as waived.

4. EVIDENCE.— In an action for damages for injuries received from being struck by a locomotive, evidence that the plaintiff was thrown by the blow into a ditch, the water in which was deep enough to drown a man, is admissible, as immediately connected with the manner of the infliction of the injury charged, and no specific averment in regard either to the ditch or water was necessary to authorize its introduction.

5. SAME.— So, also, when reimbursement by way of damages of the amount expended in medicines and for medical attendance is claimed, a general statement of the amount by a witness may be made, and it is no ground of objection to his testimony that each item, such as the number of visits made by the medical attendant, or the articles of medicine purchased, were not proved. This the defendant could examine the witness about if he desired.

6. DAMAGES.— Though a verdict for damages for a wrong done may appear to the court to be for a large amount, it will not be disturbed when there is nothing in the record showing it to be clearly excessive.

APPEAL from Bexar.    Tried below before the Hon. Geo. H. Noonan.

Suit by Charles Brett, Jr., for damages aggregating $20,000, resulting from injuries alleged to have been sustained by defendant's engine and train colliding with plaintiff's wagon and team while crossing defendant's railroad track in the suburbs of the city of San Antonio, on the 6th of May, 1882; $18,730 damages for personal injuries, and $1,270 incidental damages, were claimed, resulting from injuries to property.   The citation, in attempting to describe the nature of plaintiff's demand, used these words: " Suit for damages." On the 9th day of June defendant filed a motion to quash the citation because it did not state the nature of plaintiff's demand, nor was it accompanied with a copy of the petition filed.   On the same date defendant filed a general and special demurrer and answer. On the 9th day of September, 1882, defendant filed another motion to quash the citation, demurrers general and special, and answer setting out in substance the same as the defenses before filed, on which no action was obtained for nine months.

Verdict and judgment for plaintiff, for personal injury, $8,000, and for actual damages, $1,000.

There was evidence showing the following facts, in reference to

some of which there was an apparent conflict of testimony:  On the 6th of May, 1882, the plaintiff, when crossing in the Fredricksburg road the track of the I. & G. N. R'y Co., with his wagon and team, with a load of lumber, and after dark, was struck by the engine of the defendant and seriously injured.  Three of the steers attached to his wagon were killed and others were injured.  The road to Fredricksburg was a public highway and much traveled. The defendant, from the blow received, lost permanently the use of one leg, and was confined to bed for six weeks, after which he could walk only on crutches.  Before the injury he earned $4 a day; after it he could neither farm nor work with his team, as he did before.  Brett was about twenty-nine years old when injured. The locomotive was running rapidly when the collision occurred, and the defendant was corroborated by several witnesses, who stated that no bell was rung or whistle blown when the train approached the crossing.

The defendant, just before he was hurt, and before approaching the railway track at the crossing, stopped his team, and walked up to the crossing to look for an approaching train; he saw and heard nothing of one.  The night was very dark.  He returned to his wagon, which was loaded and hauled by ten oxen, and drove up on the crossing, looking to his left on reaching the track, and saw nothing; then, on looking to his right, saw a light, but had no time to do anything before he lost consciousness; remembers a crash, and that was all.  Since then he had been unable to work, and his injuries were permanent.  The train, after the collision, stopped for a brief space of time, while the head-light, which was ditched, was being looked for, and passed on, leaving plaintiff to be taken in an unconscious state from a ditch, in which there was water, by his companion in teaming, who was helped by one living near, who had heard the crash when the collision occurred.

There was no allegation in the petition in regard to the ditch and water into which plaintiff was thrown, and exception was taken and presented on appeal to evidence in regard thereto, and as to there being enough water in the ditch to drown a man.

Exception was also taken to evidence showing the aggregate amount paid for medical attention, medicines, etc., on the ground that those charges had not been itemized.

*J. H. McLeary* and *W. H. Mason*, for appellants, cited: Thomp. on Negligence, 1250, § 32; Gould's Pleadings, 173, 174, § 37, ch. IV; Missouri Pacific R'y Co. *v.* Lyde, 57 Tex., 506; 1 Greenl. on Ev.,

§ 50; Willis v. Lewis, 28 Tex., 188-191; Coles v. Perry, 7 Tex., 140; R. S., 4232; Graves v. I. & G. N. R'y Co., 59 Tex., 330; H. & T. C. R. Co. v. Nixon, 52 Tex., 27; Willis & Bro. v. McNeill, 57 Tex., 465; Addison on Torts, 24, 493-94.

*Shook & Dittmar* and *J. E. Ochse*, for appellee.

Stayton, Associate Justice.— The motion to quash the citation in this cause for supposed defects therein was filed on the 9th of June, 1882, and neither that motion, nor the like motion filed September 9, 1882, were called up and acted on until the 15th day of March, 1883, at which time it was overruled.

Two terms of the district court for Bexar county, beginning on the first Mondays in September and December following the filing of the motion on June 9, 1882, intervened before the motion was called up and acted upon.

Under this state of facts it is unnecessary to consider any question raised as to the sufficiency or service of the citation; for if the motion was correctly overruled, no damage legally resulted to the appellant by the ruling; and if the ruling in either respect was erroneous, it must be held unimportant.

The statute provides: "Where the citation or service thereof is quashed on motion of the defendant the case may be continued for the term, but the defendant shall be deemed to have entered his appearance to the succeeding term of the court." R. S., 1243.

"All motions relating to a suit pending, which do not go to the merits of the case, may be disposed of at any time before the trial of the cause." R. S., 1455.

Under those statutes, if the citation or service thereof was defective, the judgment of the court so declaring it might have been had at the term at which it was filed, and in such case the appellant would have been deemed to have made an appearance to the succeeding term.

It is urged that the overruling of the motion was error; if error at the trial term, it would have been error at the term at which the motion was filed; if, however, a ruling had then been made, the cause would have stood as an appearance cause for the next term.

The intention of the statute is to give the person upon whom a defective citation is properly served, or upon whom a proper citation is defectively served, in all cases in which a defendant by motion points out such defect, until the next term to make his defense to the merits; but it contemplates that the cause shall stand

as an appearance case to the succeeding term, without further notice than that which the defendant gets through the defective citation or service, and the inspection which he is presumed to make of the original papers on file in the court.

The appellant might have had the motion acted on at the term at which it was filed, and we are of the opinion that its failure to do so, no excuse for not so doing appearing, operated a waiver of the right to urge it at any subsequent term. It was the actor in the motion, and cannot make its own inaction a ground for procrastinating the trial for a longer time than it would have been, had the motion been acted on and sustained at the term at which it was filed.

We do not wish to be understood as intimating that either the citation or its service was defective.

The assignments of error, based on the supposed action of the court overruling the appellant's general and special demurrers, cannot be considered; for it does not in any manner appear that the court ever acted or was requested to act on them.

The special demurrer found in the transcript went to matters of form and want of particularity of statement in the petition of the several distinct items of injury for which damage was claimed, which by the failure of the appellant to have acted on by the court must be deemed to have been waived.

We deem it, however, proper to say that no such particularity of statement as is insisted in appellant's brief was necessary has ever been required in actions of this kind.

The testimony of the witness that the appellee was thrown into a ditch in which there was water, by the blow received from appellant's locomotive, was but the narration of the facts of the case as the witnesses saw them in their natural order, and without giving any prominence whatever to it as a ground of damage or otherwise.

As bearing, however, on the question of extent of injury done to the appellee, the facts that he was thrown into the ditch, its depth and general condition, and that he was unable to extricate himself therefrom, the evidence was in no way objectionable.

The testimony of the witness, as to the sum which he had paid out for the appellee for medicines and other necessaries during his confinement to his room, was admissible, under the existing facts shown.

If the statement of the witness was thought to be general, a cross-examination, which in this respect does not seem to have been made, would probably have developed the particular items for which

the money was expended with as much particularity as, in the nature of things, a witness, who had waited on an invalid for weeks, could be expected to state in reference to medicines and other necessaries used and paid for during the time.

The charge of the court gives no ground of complaint whatever to the appellant; on the contrary, it presented the case to the jury most favorably to it, and if there be ground for complaint in this respect it was with the appellee.

The evidence is somewhat conflicting in reference to the care used by the servants of the appellant; but if no regard be paid to the evidence bearing on this question which was offered by the appellee, and the evidence of the appellant's witnesses alone be considered, then the jury would have been justified in finding that the injury resulted from the failure to use such care as the statutes of this state require and common prudence would suggest.

There is ample evidence, if we look to that offered by the appellee, to have justified a finding of gross negligence. There is no conflict in the evidence as to the exercise of care by the appellee.

The jury, under all the evidence, were the judges of the amount of damage to which the appellee was entitled, and while the verdict seems large, there is nothing in the record which would authorize this court to say that it is clearly excessive.

We find no error requiring a reversal of the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered May 2, 1884.]