### F. B. York v. The State of Texas.

No. 6775.

1.   **Citation Upon Non-Resident Without the State.**—Since the decision in Pennoyer v. Neff (95 U. S., 723), it must be held that service made without the State is insufficient to confer jurisdiction on a court of this State to render a mere personal judgment against one a citizen of and resident in another State.

2.   **Appearance.**—An appearance is said to be strictly voluntary when without the service of process a defendant in some manner indicates his intention to submit his person and cause to the jurisdiction of the court.

3.   **Same.**—Revised Statutes, articles 1241 and 1242, declare what is an appearance, how entered, and the effect of it as the equivalent to personal service.

4. **Special Appearance.**—Article 1243, Revised Statutes, provides: "When the citation or service thereof is quashed on motion of the defendant the case may be continued for the term, but the defendant shall be deemed to have entered his appearance to the succeeding term of the court." This gave to the special appearance of defendant for the purpose of objecting to the service of citation upon him the effect of an appearance to the succeeding term of the court.

5. **Same.**—A defendant who files any defensive pleading makes such an appearance under the Revised Statutes as gives the court jurisdiction over his person as fully as would the issuance of proper citation and its proper service within the State.

6. **Same.**—The purpose for which an appearance is made is unimportant, as is the intention with which it is made, if the act done is one which the statute declares is such as gives to the court jurisdiction to render a personal judgment against the person appearing.

7. **Agreement as to Venue.**—An agreement in a lease from the State that the venue for suit upon it shall be in Travis County does not confer jurisdiction upon the court over the person of the party signing such lease contract who is a citizen and resident of another State.

APPEAL from Travis.   Tried below before Hon. W. M. Key.
The opinion states the case.

*West & McGown,* for appellant.— 1.   The appellant York being a citizen and resident of the State of Missouri, the District Court of Travis County in a suit on a moneyed demand had no jurisdiction over his person, although he had been served in the State of Missouri as required by the Texas Revised Statutes, articles 1230, *et seq.*   14 Amend. Const. of U. S.; Rev. Stats., art. 1230, *et seq.;* Anderson v. Stewart, 70 Texas, 588; Freeman v. Alderson, 119 U. S., 185; Hart v. Sansom, 110 U. S., 151; St. Clair v. Cox, 106 U. S., 350; Ins. Co. v. Bangs, 103 U. S., 439; Mohl v. Mamere, 101 U. S., 417; Brooklyn v. Ins. Co., 98 U. S. 362; Pennoyer v Ne⨉, 95 U. S., 723; Cooper v. Reynolds, 10 Wall., 308; Parrott v. Ala. Ins. Co., 4 Woods, 355; Rowan v. Shephard, 2 Wills, 259; Freem. on Judg., 3 ed., sec. 564.

2.   Notice to serve non-residents in accordance with Revised Statutes of Texas, articles 1230, *et seq.*, stands on the same footing as citation by publication.   Fribleman v. Edmonds, 69 Texas, 338; Parrot v. Ala. Ins. Co., 4 Woods, 355.

3.   Articles 1230 *et seq.*, Revised Statutes of Texas, are illegal and unconstitutional, because the service contemplated by same is not due process of law within the meaning of the fourteenth amendment of the Constitution of the United States.

4.   The stipulation of appellant York to the effect that in suits arising on the contract of lease venue shall be laid in Travis County is an agreement merely as to the venue, and does not give the District Court of Travis County jurisdiction over him until he has been duly served by proper legal process.   Acts of 1885, ch. 34; Wells on Jur., sec. 112, *et seq.*, p. 105; Wright v. Boynton, 37 N. H., 18.

*J. S. Hogg,* Attorney-General, and *J. H. Robertson,* District Attorney,. for appellee. — 1. The appellant having agreed in writing that this case might be tried in the District Court of Travis County, his appearance· and plea to the jurisdiction at best could only avail him in quashing the service of citation, which would operate as a continuance of the case and require appellant to answer at the next term; and inasmuch as the. case was continued at the term at which he appeared and entered said plea and at the next term appellant refused to answer, the court did not err in rendering said judgment, and the appellant can not now object to the jurisdiction. Rev. Stats., art. 1198, subdiv. 5.

2. The contract, coupled with the allegation that defendant had property in Texas, and the action taken by him in the trial, conferred jurisdiction on the District Court of Travis County, and there was no error in rendering said judgment. Jones v. Jones, 60 Texas, 451; Rice,. Stix & Co. v. Peteet, 66 Texas, 568.

*West & McGown,* on motion for rehearing. — 1. Appellant's appear-·· ance in response to the notice served on him questioning solely the juris-diction of the District Court, in no sense bound him to submit to the. jurisdiction of that court. Wood v. Liles, 58 Texas, 416; Robertson v. Schmidt, 48 Texas, 19; Haygood v. Dial, 43 Texas, 625; De Witt v. Mon-·· roe, 20 Texas, 289; Racquet v. Nixon, Dall., 386; Parrot v. Insurance Co., 4 Wood, 355; Insurance Co. v. Fitzgerald, 1 W. & W. Ct. App. C. C., sec. 1345, p. 35; Harkness v. Hyde, 98 United States, 476; United States v. Yates, 6 How., 605; Duper v. Belting Co., 11 Blatch.; Weelock v. Lee, 74 N. Y., 495; Cunningham v. Geolet, 4 Denio, 72; Alt-man v. Steinman, 8 Neb., 109; McNabb v. Bennett, 66 Ill., 158; Beau-mer v. Chapman, 11 Kans., 121; Wright v. Boynton, 73 N. H. 18; Bis-·· sell v. Briggs, 9 Mass., 467; Walling v. Beers, 120 Mass., 550; Wright v. Andrews, 130 Mass., 149; Wells on Jur., sec. 86, p. 76; Hawes on Jur., sec. 19.

2. Revised Statutes, article 1242, did not change the rule as to ap-pearance as laid down before its enactment. Final Title, Rev. Stats., sec. 19; Rev. Stats., art. 1243, Sayles' ed.; Report of Comm., 2 Sayles,. pp. 722, 723; Pasch. Dig., arts. 1432, 1508; Parrott v. Ins. Co., 4 Wood,. 355; Ins. Co. v. Fitzgerald, 11 W. & W. Ct. App. C. C., art. 1345.

STAYTON, CHIEF JUSTICE.—This action was brought by the State of Texas against F. B. York, a resident citizens of the State of Missouri, to recover the sum due to the State under a lease contract made between the parties. No service of citation was made on appellant within this State, but notice was served upon him in the State of Missouri in accordance with articles 1230, 1231, 1232, 1233, Revised Statutes.

Appellant by proper pleading and in proper time denied the jurisdic-

tion of the court over him personally, questioning the sufficiency of the notice served in the State of Missouri to confer it. This plea was overruled on June 20, 1888, and the case was continued for the term.

At the ensuing term appellant demanded a jury, paid the jury fee, and caused the case to be transferred to the jury docket, and on the next day renewed his plea to the jurisdiction of the court over his person, which was again overruled.

Appellant then "waived the jury heretofore demanded by defendant and stated to the court that he would not further answer in this case, inasmuch as his plea to the jurisdiction had been overruled, but rely on the same," after which, on hearing, a judgment was rendered in favor of the State, from which this appeal is prosecuted.

In reply to appellant's plea to the jurisdiction the State pleaded that by the lease contract appellant had bound himself to pay the money sued for in the county in which the suit was brought, and that he had agreed in writing that any suit to be brought for the collection of money due on the contract sued on should be brought in that county.

The lease contract contained agreements such as alleged, and the court below held that the part of the agreement last named bound appellant to submit to the jurisdiction of the court after notice made without the State was given in the manner provided by the statutes before referred to.

Since the decision made in the case of Pennoyer v. Neff, 95 United States, 723, it must be held that service made without this State, as was it upon appellant, is insufficient to confer jurisdiction on a court of this State to render a mere personal judgment against one a citizen of and resident in another State. Freeman v. Alderson, 119 U. S., 185; Hart v. Sansom, 110 U. S., 151; Harkness v. Hyde, 98 U. S., 476; Cooper v. Reynolds, 10 Wall., 309.

One of the grounds on which the decision in Pennoyer v. Neff is based makes it authoritative throughout the Union in all cases to which it is applicable, and although there may have been some decisions made in this State asserting a contrary rule, we feel bound to follow it.

In this case there was no judgment sought or rendered other than one strictly personal in its character.

It seems to be claimed that appellant made an appearance in the court below and is therefore bound by its judgment.

If it be true that he made such an appearance as gave the court jurisdiction over him personally then it is unimportant whether the process or notice served on him without the State is of any validity whatever, for if the court below so acquired such jurisdiction then the fact of non-residence of appellant is a matter of no importance.

If found within this State and here served with proper process this gives to a court of this State jurisdiction to render a personal judgment against a non-resident as fully as does the service of such process on a

citizen of this State clothe the court with such power, unless it be in a
case in which the plaintiff is also a non-resident and the defendant with-
out property within the State.

Whenever the service of proper process will clothe a court with such
jurisdiction, then that which is to be deemed in law an appearance by a
defendant will confer on a court the like power.

What is to be deemed an appearance may be determined by statute,
and a statute declaring what shall be deemed an appearance, which makes
notice to a defendant of the pendency of an action against him, oppor-
tunity to know its nature, and fully to defend it necessary, does not con-
travene the letter or spirit of any constitutional provision intended for
the protection of private right.

An appearance is said to be strictly voluntary when without the ser-
vice of process a defendant in some manner indicates his intention to
submit his person and cause to the jurisdiction of the court.

Article 1241, Revised Statutes, provides that "the defendant may in
person or by attorney or by his duly authorized agent enter an appear-
ance in open court, and such appearance shall be noted by the judge
upon his docket and entered in the minutes, and shall have the same
force and effect as if citation had been duly issued and served as provided
by law."

The succeeding article provides that "the filing of an answer shall
constitute an appearance of the defendant so as to dispense with the ne-
cessity for the issuance or service of citation upon him."

In either of the cases here provided for, the doing of the act prescribed
would operate as a voluntary appearance in any case in which no process
whatever had been served, and so simply because it would clearly indi-
cate the intention of the defendant to submit his person to the jurisdic-
tion of the court.

The record before us however leaves no ground for claim that appel-
lant intended voluntarily to submit himself to the jurisdiction of the
court, which from first to last he resisted.

His appearance was special and declared to be restricted to the sole
purpose of presenting and having acted upon his plea to the jurisdiction
of the court over his person; and prior to the adoption of the Revised
Statutes there can be no claim that such an appearance under the facts
of this case would have given jurisdiction over the person of appellant.
De Witt v. Monroe, 20 Texas, 293; Harkness v. Hyde, 98 U. S., 476.

That appellant made at least a special appearance in the court below
can not be questioned, and it was not a compulsory appearance, for no
process had been served on him which compelled him to appear or take
the consequences of default, nor had any of his property been seized un-
der process which made it necessary for him to appear in order to pro-
tect it or his rights in it.

A judgment entered against him as the case stood before his appearance would have been a nullity.

His appearance was optional, and jurisdiction could not have been obtained over his person so long as he remained beyond the limits of this State, unless by his voluntary act.

The inquiry arises, whether the Revised Statutes have given to a special appearance by a defendant the full effect in respect to jurisdiction which before their adoption was given only to a general appearance.

It is now provided that "when the citation or service thereof is quashed on motion of the defendant the case may be continued for the term, but the defendant shall be deemed to have entered his appearance to the succeeding term of the court." Rev. Stats., art. 1243.

Before the enactment of this law an appearance for the purpose of having citation or service thereof quashed would not have been held to confer jurisdiction on the court over the person of the defendant, but such now is evidently made the effect of such an appearance, and further issuance and service or process becomes unnecessary, even when it is held that the citation or service was insufficient.

The purpose of a motion asking that a citation or its service be quashed is simply to have an adjudication that these are not sufficient to give the court jurisdiction over the defendant.

The appearance of appellant, though by plea, was only to have an adjudication of the insufficiency of the process and service through which he was sought to be brought into court to give the court jurisdiction over his person.

Whether this question be raised by motion or plea, the appearance is for the same purpose and of the same character and must be given the same effect.

In the one case, as in the other, the appearance is made for the sole purpose of questioning the jurisdiction of the court over the person of the defendant, which is as much wanting when the citation or service made on a resident of the State is not in accordance with law as is it when process is served on a defendant beyond the limits of the State whose process it is.

It is not the fact that the motion to quash a citation or service is sustained which operates as an appearance, but it is the fact that a defendant appears and asks an adjudication which makes the appearance. Railroad v. Brett, 61 Texas, 487; Keener v. Duff, 66 Texas, 185.

This as well as the spirit of the statute is further illustrated by the succeeding article, which provides "when the judgment is reversed on appeal or writ of error taken by the defendant for the want of service, or because of defective service or process, no new citation shall be issued or served, but the defendant shall be presumed to have entered his appearance to the term of the court at which the mandate shall be filed." Rev. Stats., art. 1244.

Under the statutes of this State all defensive pleadings are styled the "answer," and among these are pleas questioning the jurisdiction of the court over the defendant. Richardson v. Pruitt, 3 Texas, 227; Hopkins v. Wright, 17 Texas, 36; Rev. Stats., art. 1262.

In view of this fact and in the light of the statutes to which we have referred it must be held under article 1242, Revised Statutes, that a defendant who files any defensive pleading makes such an appearance as gives the court jurisdiction over his person as fully as would the issuance of proper citation and its proper service within this State.

One not a citizen or resident of this State is subject to be sued here, and we know of no ground on which the courts of this State can be denied jurisdiction over the person of such a defendant when by his own act he makes such appearance in its courts as would give them jurisdiction over a person here resident.

The State can not send its process abroad and thus compel a non-resident defendant to submit his person to the jurisdiction of its courts, but if in the exercise of his own untrammeled volition he makes an appearance then he must be held bound thereby, as would be one who could be, but had not been, subjected to the jurisdiction of the courts nor by the proper issuance and service of process.

The purpose for which appearance is made is unimportant, as is the intention with which it is made, if the act done is one which the statute declares is such as gives to the court jurisdiction to render a personal judgment against the person appearing.

In the case of Liles v. Woods, 58 Texas, 419, it was not necessary to consider the statutes bearing on the question before us, and attention was not called to the fact that the same rules in force in the District Courts as to appearance were by statute made applicable to Justice Courts, and there is an expression in the opinion in that case not necessary to its decision from which it might be understood that a defendant served as was the defendant in this case was not bound by his appearance when his exceptions to service were sustained.

The appellant had notice of the action and of the claim the State was seeking to enforce against him, with full opportunity to defend, and must be held to have given the court jurisdiction to render the personal judgment against him. The proposition that the agreement contained in the lease contract gave the court jurisdiction over the appellant we think can not be sustained.

That agreement may have fixed the venue, but it could not operate as an acceptance, waiver of service, or appearance; but because of the appearance the court had jurisdiction and its judgment must be affirmed.

*Affirmed.*

Delivered May 7, 1889.