### J. R. BARNETT v. RAYBURN & FUGATE.

(No. 6446.)

APPEAL from Taylor County.    Opinion by WILLSON, J.

J. R. BARNETT, counsel for appellant.

COCKRELL & COCKRELL, counsel for appellee.

**§ 84.** *Non-resident; suit against; jurisdiction of ac-quired by notice and attachment of property; amount in controversy; is the debt claimed and not the value of the property attached.* Rayburn & Fugate sued Barnett in the county court of Taylor county upon a draft for $281.62, alleged to have been executed by said Barnett. Barnett was a non-resident of this state, being a resident of the state of California. Rayburn & Fugate caused to be issued in said suit a writ of attachment, and had the same levied upon real estate situated in Taylor county, owned by Barnett, of the value of $4,000. Barnett was served with citation in said suit in California in the mode provided by statute in such cases. [R. S., art. 1230 et seq.] He appeared in the cause, and excepted to the jurisdiction of the court over his person, and pleaded that the court had no jurisdiction of the subject-matter of the suit or of the amout in controversy in the suit. His exception and plea were overruled, and judgment was rendered against him for said sum of $281.62 and costs; and it was ordered that execution issue therefor, to be levied upon the real estate attached, but upon no other property of said Barnett. There was no fore-closure or attempt at foreclosure of the attachment lien on the land, but merely a recognition in the judgment of such lien. We are of opinion that there is no error in any ruling of the court, nor in the judgment ren-dered. That the court had jurisdiction of the person of Barnett we think is clear. Even if his appearance in the case was involuntary, and made necessary for the pro-tection of his property against the attachment proceed-ing, and was not such an appearance as gave the court jurisdiction of his person [York v. State, 73 Tex. 651], still, the attachment of his property, being a proceeding *in rem*, gave the court such jurisdiction [3 Civil Cas. Ct. App., §§ 408, 430]. That the court had jurisdiction of the subject-matter of the suit is also clear. It is the amount of the alleged indebtedness, and not the value

of the property attached, that is the amount in controversy. It is not sought in this suit to foreclose the lien upon the real estate attached, nor did the court decree such foreclosure. It was the object of the attachment to secure a lien upon the property, and bring it within the control of the courts of this state for the purpose of subjecting it in the proper forum to the plaintiff's debt. [Id., § 430; Sayles' Civil St., art. 180a.] As to the defect in the bond for attachment, conceding the defect, it is of a character which could, we think, be reached only by a motion to quash, and it was not incumbent upon the court of its own motion, nor upon the suggestion of an *amicus curiæ*, to quash the bond because of such defect. Believing that there is no error for which the judgment should be reversed, it is

April 20, 1890.                                        Affirmed.