## CHARLES A. SCHNEIDER V. D. F. GRAY.

### No. 528.

**Title Under Judgment Against a Nonresident.**—The title to realty in a defendant in execution is better than that acquired by the purchaser at execution sale, when it appears that the judgment upon which the execution issued was by default, upon personal service upon the defendant in Louisiana, in which State he resided when the suit against him was instituted, although the judgment was in the Justice Court, and the justice docket shows an entry, "Thomas M. Joseph, atty. for defendant." Standing alone, this entry is not sufficient to show an appearance by defendant.

APPEAL from Brazoria. Tried below before Hon. T. S. REESE.

*Eugene J. Wilson* and *E. N. Krause*, for appellant.—It should be presumed that said D. Gray had entered his appearance in said court on September 5, 1892, and that Thomas M. Joseph appeared for said D. Gray as his attorney, especially in view of the fact that Gray was present in the District Court at the trial of this cause and testified, and did not negative the fact that Thomas M. Joseph, attorney, had authority to represent him in said cause in said Justice Court, nor did he negative the fact that he made an appearance in said Justice Court, either in person or through attorney. Sayles' Civ. Stats., arts. 1210, 1241, 1579; Wilson v. Zeigler, 44 Texas, 657; 20 Myer's Fed. Dec., sec. 1139; 1 Black on Law of Judg., sec. 225.

*Bryan & Munson*, for appellee.—The record of the Justice Court affirmatively shows that appellee, D. F. Gray, never appeared in said court or submitted to its jurisdiction, and the judgment in personam rendered against him, a nonresident, was without jurisdiction and void; hence the execution sale thereunder conveyed no title to appellant to the property sued for. Rev. Stats., arts. 1241–1243, 1347a, 1348, 1577–1579, 1617, 1618, 1620; York v. The State, 73 Texas, 656; Ins. Co. v. Hanna, 81 Texas, 490; Foote v. Sewall, 81 Texas, 659; Wilkinson v. Shoonmaker, 77 Texas, 615; Martin v. Burns, 80 Texas, 679; Wells v. Iron Works, 3 Texas Civ. App., 297; Fairbanks & Co. v. Blum, 21 S. W. Rep., 1009.

PLEASANTS, ASSOCIATE JUSTICE.—This is an appeal from a judgment of the District Court of Brazoria County. Appellee brought suit against the appellant to recover from his possession, and to remove cloud from title thereto, lots numbers 9 and 10, in block number 90, in the town of Quintana. Defendant asserted title to the property under sale made by the sheriff of Brazoria County, by virtue of a writ of execution from the court of a justice of the peace for the county of Galveston, Texas, issued upon a judgment rendered by said court,

in the suit of Schneider Bros. against S. J. Gray and D. Gray. The plaintiff in that suit was a mercantile firm, and that firm was composed of Charles A. Schneider, the defendant in this suit; and the defendants in that suit were also merchants and partners in trade, and were nonresidents of this State, and citizens of the State of Louisiana; and personal service of citation to appear and answer plaintiff's suit was had upon D. Gray in the State of Louisiana, but no service was had upon his codefendant, S. J. Gray; and the suit was dismissed as to him on the 29th day of September, 1892; and on the same day the Justice Court rendered judgment for Charles A. Schneider, doing business under the firm name of Schneider Bros., against the defendant, D. Gray, and S. J. Gray, deceased, for the sum of $123, with interest at the rate of 6 per cent per annum, and for costs, and directing execution against the partnership property of Gray & Gray, and the individual property of D. Gray. The judgment purports to be a judgment by default. The justice docket shows this entry: "Joseph A. Wilson, atty. for plff.; Thomas M. Joseph, atty. for defendant."

Upon this judgment an execution issued, directed to the sheriff of Brazoria County, commanding him of the goods and chattels, lands and tenements of S. J. Gray and D. Gray, or either of them, to make the sum specified in the writ; and said sheriff levied upon and sold in December, 1892, all the right, title, and interest of the said J. S. and D. Gray in the said lots 9 and 10; and the same were purchased by the plaintiff in the execution, for the sum of $40, and the sheriff executed to him a deed for the premises. The deed conveys to the purchaser all the right, title, and interest of the said J. S. and D. Gray in and to the property.

These lots were conveyed by deed, on the 29th of June, 1891, from Lewis Bryan, to Cage, Gray & Co., a firm composed of Ellen M. Cage, J. S. Gray, and D. F. Gray, the plaintiff in this suit. From the testimony of plaintiff, the firm of Gray & Gray did a retail mercantile business at Velasco, Texas, from August 17th to about the 1st of December, 1891; that said firm did not do business in Texas prior or subsequent to those dates; that plaintiff and his partner did a grocery business in Terrebonne, La., in the years 1891 and 1892; that J. S. Gray died in August, 1892; that plaintiff was and ever had been a resident citizen of the State of Louisiana, and that the property in controversy was owned by himself and Mrs. Cage, and the representatives of J. S. Gray, deceased.

The plaintiff did not testify whether or not he was represented by counsel in the case of Schneider Bros. v. Gray & Gray. The case in the Justice Court was continued for several terms for service on J. S. Gray, and on September 5 it was set for trial on the 20th of that month, and on that day judgment was rendered, as previously stated. The order setting the case for trial does not disclose whether the order was

made upon the court's motion or that of counsel, or by agreement of counsel. On the 20th day of June, 1893, this cause was tried by the judge, without a jury, and judgment was rendered for plaintiff, D. F. Gray.

It is insisted by counsel for appellant, that the record from the Justice Court required the trial court to render judgment for the defendant. The record from the Justice Court shows that the defendant, D. F. Gray, was a nonresident of this State, and a resident of the State of Louisiana, at the time of the institution of the suit of Schneider Bros. v. J. S. and D. Gray, and that citation issued from that court, directed to Louisiana, was served in that State on D. F. Gray; that no other service of the citation was had upon the defendant, and that a personal judgment was rendered against him.

It is not denied that a personal judgment against a nonresident, based upon service of process executed upon the defendant beyond the limits of the State, is a nullity, and may therefore be attacked collaterally at any time, and by any one. But it is said the entry in the justice's docket, which we have quoted, shows that the defendant voluntarily entered his appearance in the suit by his counsel, and submitted his person to the jurisdiction of the court. The defendant might, either in person or by attorney, have entered his appearance in a suit, and such appearance would have conferred jurisdiction upon the court. But we can not assume, from the mere fact that in the docket of the court one of the practicing attorneys of the court is designated attorney for plaintiff, and another is designated attorney for defendant, that the defendant appeared in the suit. The defendant may have had counsel retained, and such counsel may have been in court when the cause was tried, and the fact that he was retained by the defendant may have been announced by him, and yet the retainer and the announcement thereof would not have constituted an appearance in the suit by defendant. If the entry upon the docket of the court was intended by the justice to note the appearance of the defendant in the cause, the entry is not such as is contemplated by article 1579 of the Revised Statutes.

There are other questions suggested by the facts of this case, but it is not necessary to discuss them, since, whatever might be our decision upon those questions, we could not reverse the judgment.

The judgment is affirmed.

*Affirmed.*