KELLY v. A. B. CROUCH GRAIN CO.
(No. 724.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 20, 1915.)

1. VENUE ☞32—CHANGE—ACTION IN WRONG COUNTY—WAIVER.
A motion to vacate a default judgment, which alleged, as was necessary, a meritorious defense to the action, is not a waiver of defendant's right thereafter to plead his personal privilege to be sued in the county of his residence.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. ☞32.]

2. VENUE ☞32—MOTION TO CHANGE—TIME FOR FILING—"APPEARANCE."
Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1883, providing that, where the citation of service is quashed on motion, the cause shall be continued for the term, but the defendant shall be deemed to have entered his appearance to the succeeding term, the "appearance" thus entered is the appearance that the service of a proper citation would have produced, and the defendant may thereafter plead his personal privilege.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. ☞32.

For other definitions, see Words and Phrases, First and Second Series, Appearance.]

3. CORPORATIONS ☞503—MOTION TO CHANGE VENUE—AFFIDAVIT—CORRECTION.
The trial court can permit a defendant corporation to correct a defective affidavit in support of a plea of personal privilege by permitting the president of the corporation to swear to it in lieu of the affidavit of the attorney.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1835–1939, 1942–1946; Dec. Dig. ☞503.]

Appeal from Wilbarger County Court; A. B. Copeland, Judge.

Action by Sam Kelly against the A. B. Crouch Grain Company. From a judgment sustaining defendant's plea of personal privilege, plaintiff appeals. Affirmed.

Cook & Cook, of Vernon, for appellant. Berry, Stokes & Morgan, of Vernon, for appellee.

HENDRICKS, J. The correctness of the judgment of the lower court, sustaining a plea of personal privilege, is the issue in this cause. The appellee, A. B. Crouch Grain Company, is a corporation with its domicile in Bell county, Tex. The appellant, Sam Kelly, instituted suit on the 12th day of January, 1914, in the county court of Wilbarger county, against the grain company; the citation purporting to summon the grain company to the March term of said court.

On the 2d day of March, 1914, the first Monday, the defendant grain company filed its motion to quash the citation and service upon the alleged ground that the officer serving said citation did not deliver to it an accompanying certified copy of plaintiff's petition, which motion was never called to the attention of the court.

On Tuesday, the 5th day of May, 1914 (the court having convened on the 4th, the first Monday in May), a judgment by default, on account of lack of appearance, was rendered against defendant. At 4 o'clock p. m. the defendant corporation filed its plea of privilege, alleging its residence in Bell county, Tex., and the sufficiency of the evidence to sustain the plea, as well as the sufficiency of the allegations, are conceded in this cause by the appellant, except an alleged imperfect affidavit hereinafter mentioned. At 5:30 p. m., the 5th day of May, 1914, the defendant corporation filed its motion to set aside the judgment by default rendered in the cause, praying that it be allowed to plead therein, for the reason that it did not know that the commissioners' court of Wilbarger county had fixed the term of the county court to begin on the first Monday in May, 1914, which was a different date for holding a term of said court from that specified in the Revised Statutes, and the defendant was misled thereby, and further alleging a meritorious defense to the cause of action asserted by plaintiff, not necessary to set out, praying that the judgment by default be set aside, and that it be allowed to file its plea in said cause.

On the 20th day of June, at the same term of the court, the parties in open court agreed that the court should vacate the judgment, which was accordingly done; and thereafter, on the same day, defendant's plea of privilege was sustained by the court, which action is challenged in this court, principally upon the theory that appellee having filed a separate motion to vacate the judgment by default, with no reference therein to the plea of privilege, and thereby invoking, as stated, "the power of the court in aid of the defendant's defense," the plea of privilege was waived.

[1] The appellant invokes a line of authorities, which we have attempted to carefully analyze, but which we think have no just application to the status of this cause. We infer that the 5th day of May, 1914, was appearance day for this cause, and the first day in which defendant was required to answer. The defendant was impelled to in-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

voke the jurisdiction of the court for the purpose of setting aside the judgment, and the plaintiff, appellant herein, conceded that sufficient grounds in the motion existed; also defendant was compelled to allege a meritorious defense, addressed to the equitable powers of the court, in order to attain the end desired; otherwise the judgment by default would of course have been good. Defendant was not submitting itself to the court for any other jurisdictional purpose than to set aside the default judgment and file and present its pleas. Appellant's position, we think, is inconsistent in that, referable to the relief applied for and granted herein, the defendant was attempting to place its status as a litigant in the cause, for the very purpose, we take it, of presenting and pleading, not only a defense to the merits, but all defenses to which it may be entitled. It is true it asked the court to set aside the default judgment so that it may be allowed to plead in the cause, and it may also be inferred that it asked this right so that a pleading to the merits could be filed and presented. It is also true that, if it had filed and presented a plea to the merits without the presentation of the plea of venue, the latter would have been waived; but defendant had the right to file its pleas in accordance with the due order of pleading after the judgment was set aside, and the motion was addressed to the consideration of the court solely for the purpose of placing the cause in the same condition as it would have existed had no judgment been rendered. The case of Thomas v. Ellison (decided by the Court of Civil Appeals of Dallas) 110 S. W. 935, and the nearest decision in point, seemingly supporting appellant's contention, on a proper consideration, we think is not really pertinent. A judgment by default was entered in that cause, and upon motion the same was set aside. Thereafter another motion was filed, asking until the next term of court in which to file an answer in the cause, which was granted. Several months thereafter, at the next term, the defendant filed its plea of privilege, which the trial court overruled, and the appellate court sustained the action of the trial court, not only upon the ground of waiver of the plea, but also on the ground of the alleged deceit and fraud set up in plaintiff's pleadings. Appellant evidently deduces the seeming analogy that because in the Thomas-Ellison Case the court granted until the next term to file an answer, and that because in this cause appellee prayed to set aside a default of judgment, and for the right to plead, if in the former case the plea of privilege was waived, it should be in this case. The prayer for the right to file an answer is entirely surplusage; it would follow from setting aside the judgment. The defendant would have had the right to have amended and embodied its plea of personal privilege with its answer to the merits, if the due order of pleading were regarded. It also had the right to file a plea of personal privilege, and then present its motion with sufficient allegations of a meritorious defense and invoke the jurisdiction of the court solely for the purpose of setting aside the judgment, and the cause then standing as it before stood, without any judgment, present its plea of privilege without filing any plea to the merits, and, if good, the cause would have gone to Bell county.

[2] Appellant cites numerous authorities, illustrated by York v. State, 73 Tex. 651, 11 S. W. 869, construing article 1883, Vernon's Sayles' Civil Statutes, with reference to appearance at the succeeding term of the court, where motions have been made for the purpose of suppressing service, which we also think have no application here. It is true that under that statute, and as construed by the numerous decisions, the defendant enters his appearance at the next term of the court; but his appearance is entered at the next term of the court for the purpose of answering to the cause. F. T. Ramsey & Son v. Cook, 151 S. W. 347. In the cause cited, Cook moved to strike the plea of personal privilege because the defendants had filed a motion to quash the citation, and hence had waived the plea. The effect of the appearance, as Justice Jenkins in substance decided, is merely that character of appearance that a proper citation, properly issued and served upon the defendant, would have produced.

In the case of Wolf v. Sahm, 55 Tex. Civ. App. at page 570, 120 S. W. at page 1117, decided by the Court of Civil Appeals of the Austin District, it appears that, in the motions to set aside the verdict, the defendants referred to their plea of personal privilege theretofore filed, indicating an intention not to waive the same; but Justice Key, in the course of discussion, uses this significant language:

"Appellant contends that that plea [of personal privilege] was waived, because appellees, in their motions seeking to set aside the former judgment, set up defensive matters relating to the merits of the suit. We are of the opinion that the documents in question were not pleadings, in the sense referred to in the decisions, which hold that a plea presenting the question of venue must precede a plea to the merits or be regarded as waived. It was necessary for appellees to get the former judgment set aside before they could file an answer to the plaintiff's petition, and the documents filed by them, for the purpose of accomplishing that result, were intended for that purpose only, and not as pleas upon which to try the case."

[3] We think it is clear that the trial court had the right to permit the appellee to correct a defective affidavit by permitting the president of the corporation to swear to the plea in lieu of the affidavit made by the attorney.

The judgment of the trial court is in all things affirmed.