OSVALD v. WILLIAMS. (No. 123.)

(Court of Civil Appeals of Texas. Beaumont. April 20, 1916.)

1. APPEARANCE ☞9(3)—GENERAL OR SPECIAL.

Under Rev. St. 1879, art. 1243, providing that when the citation or service thereof is quashed on motion of defendant, the case may be continued for the term, but the defendant shall be deemed to have entered his appearance to the succeeding term of court, a special appearance of defendant in motion to attack a service has the same effect as a general appearance.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. § 44; Dec. Dig. ☞9(3).]

2. APPEARANCE ☞24(1) — GENERAL OR SPECIAL.

Although there has been no service of process upon him, or void service without the state, the appearance of a nonresident defendant operates as an appearance for all purposes at the succeeding term of the court under Rev. St. 1879, art. 1243, and confers jurisdiction over his person, although such appearance be expressly limited to urging plea to the jurisdiction over his person; and when a nonresident defendant answers to the merits solely in the event that the court shall overrule his plea to the jurisdiction, and the plea to the jurisdiction is overruled, the court acquires jurisdiction of his person.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 118, 119, 123–125; Dec. Dig. ☞24(1).]

3. MASTER AND SERVANT ☞6 — ACTIONS FOR COMPENSATION—EVIDENCE OF CONTRACT.

In action on a contract for compensation for services, evidence *held* to show that such contract was made.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 6; Dec. Dig. ☞6.]

4. PLEADING ☞248(4) — AMENDMENT — NEW CAUSE OF ACTION.

A complaint, in action for services in locating timber in a certain county, is not changed to a new cause of action by an amendment alleging that the timber was to be in plaintiff's neighborhood.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 701–706, 708½; Dec. Dig. ☞248(4).]

Appeal from Sabine County Court; J. B. Lewis, Judge.

Action by M. H. Williams against George Osvald. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 169 S. W. 185.

Hamilton & Hamilton and W. F. Goodrich, all of Hemphill, for appellant. J. W. Minton, of Hemphill, for appellee.

BROOKE, J. This suit was filed by Williams, plaintiff in the lower court, against the defendant, Osvald, who resided in Sabine parish, La. The allegations were that about the 1st day of January, 1912, the defendant entered into an oral contract with the plaintiff, by which the plaintiff obligated himself to assist the defendant in locating and purchasing oak trees suitable for making staves, in Sabine county, and to furnish the defendant information as to the location of oak timber suitable for making staves, and advised the defendant of the names of the owners of such oak timber, which defendant desired to purchase for the purpose of making staves, and that the defendant agreed for such services to pay the sum of 10 cents per tree to the plaintiff. The case was tried in the lower court, and appealed to the Court of Civil Appeals at Galveston, which reversed and remanded the case (169 S. W. 185), and upon its return, the plaintiff amended his petition, as follows:

"That on or about the 1st day of January, 1912, defendant entered into an oral contract with plaintiff, by which he obligated himself to assist the defendant in locating and purchasing oak trees suitable for making staves in Sabine county *in the community in which he resided* (italics ours), and to furnish the defendant with information as to the location of oak timber suitable for making staves, and to advise the defendant of the names of the owners of such oak timber, *in the neighborhood in which he resided* (italics ours), etc., for which defendant agreed with plaintiff to accept such service and pay therefor the sum of 10 cents per tree to the plaintiff, for all the oak timber purchased by the defendant *in the neighborhood in which plaintiff resided*."

The case was tried before the court, and resulted in a judgment for the plaintiff, M. H. Williams, for the sum of $123.50. From this judgment appellant has perfected his appeal. However, it may be observed that a writ of

attachment was sued out in the beginning of the suit, and levied on property of the defendant found in Sabine county, Tex.; that upon a final trial in the county court of Sabine county, the attachment was quashed. The defendant appeared, filed a motion to quash the attachment, and answered by general and special exceptions, and general denial, and cross-action, asking judgment against the plaintiff, in the sum of $125 for the illegal suing out of the attachment.

[1] By his first assignment, appellant challenges the action of the court below in forcing him to answer after the writ of attachment had been quashed, contending that the court only had jurisdiction over the person of defendant by reason of the attachment writ. It has been held when the defendant appeared and excepted to the jurisdiction of the court, and moved to quash the attachment, stating that he appeared for the purposes expressed therein alone, and in his other answer, he stated that it was filed without any intention of waiving his other plea, and that he thus answered to the merits only in the event they should be overruled, that this pleading of the defendant entered his appearance and gave the court jurisdiction over his person. Grizzard v. Brown, 2 Tex. Civ. App. 584, 22 S. W. 252. Article 1243, Revised Statutes 1879, provides:

"When the citation, or service thereof, is quashed, on motion of the defendant, the case may be continued for the term, but the defendant shall be deemed to have entered his appearance to the succeeding term of the court." York v. State, 73 Tex. 651, 11 S. W. 869.

Under this act it is held that it gave to a special appearance of defendant, for the purpose of objecting to the service of citation upon him, the effect of a general appearance to the succeeding term of the court. I. & G. N. Ry. Co. v. Brett, 61 Tex. 483–486; Jones v. Keith, 22 S. W. 773; Texas, etc., Ry. Co. v. Childs, 40 S. W. 41, 42. This statute introduced a change in the practice of this state. It gave to a special appearance of defendant, made in his motion attacking the service, the same effect as would have followed a general appearance, prior to its enactment. Ætna Life Ins. Co. v. Hanna, 81 Tex. 487, 17 S. W. 35.

It was also held that it is not the fact that the motion to quash the citation of service is sustained or overruled which operates as an appearance, but it is the fact that a defendant appears and asks an adjudication, which makes the appearance. Fairbanks & Co. v. Blum, 2 Tex. Civ. App. 479, 21 S. W. 1009.

It has also been held that whenever the service of a proper process will clothe the court with jurisdiction over the person of the defendant, then that which is deemed in law an appearance by the defendant will confer on the court a like power. York v. State, 73 Tex. 651, 11 S. W. 869.

[2] Although there has been no service of process upon him, or void service upon him without the state, the appearance of a non-resident defendant operates as an appearance for all purposes at the succeeding term of the court, and confers jurisdiction over his person. Schneider v. Gray, 7 Tex. Civ. App. 25, 26 S. W. 640; Penfield v. Harris, 7 Tex. Civ. App. 659, 27 S. W. 762; Loeb v. Crowe, 15 Tex. Civ. App. 537, 40 S. W. 506; Cassidy v. Willis, 33 Tex. Civ. App. 289, 78 S. W. 40; Lucas v. Patton, 49 Tex. Civ. App. 62, 107 S. W. 1143; Evans v. Breneman, 46 S. W. 80.

The rule applies, although such appearance be expressly declared to be limited to the sole purpose of urging plea to the jurisdiction of the court over his person, and when a nonresident defendant answers to the merits solely in the event that the court shall overrule his plea to the jurisdiction, and the plea to the jurisdiction is overruled, the court acquires jurisdiction of his person. Liles v. Woods & Co., 58 Tex. 416; Piedmont Life Ins. Co. v. Fitzgerald, 1 White & W. Civ. Cas. Ct. App. § 1345; Pace v. Patter, 20 S. W. 928.

In the case of Green v. Hill, 4 Tex. 465, plaintiff sued out an original attachment, but did not pray for personal service. The court having quashed the attachment on motion, the defendant, who had come in without service, and filed an answer to the petition, first, for general denial of all matters and things in the petition, and, second, set-off in reconvention, moved the court to dismiss the suit, held that, had the defendant not filed his answer, the motion should have been sustained, but, as it was, the motion was properly refused.

It was also held that, where the plaintiff and defendant were nonresidents, and the suit was commenced by attachment, the defendant having appeared and answered to the merits and obtained a continuance, afterwards the attachment was quashed, and the defendant moved to dismiss the suit for want of jurisdiction, he had submitted to the exercise of jurisdiction over his person. Campbell v. Wilson, 6 Tex. 379; Primrose v. Roden, 14 Tex. 1.

We are of the opinion that there was no error in the court's action, and that it had jurisdiction over the person of the defendant.

The third, fourth, fifth, sixth, seventh, and eighth assignments complain of the action of the court in its findings on the facts. We have examined the record closely, and find that there is evidence to support the findings of the court, and we are not disposed to disturb the same. Therefore these assignments are overruled.

The ninth assignment complains that the court committed error as a matter of law in allowing Williams commission on the 1,035 oak trees at 10 cents per tree, together with $20 attorneys' fees and costs of suit. There is testimony to support both findings, and this assignment is therefore overruled.

[3] By the eleventh assignment of error, the action of the lower court is assailed in

rendering judgment against the defendant for the sum of $103.50, together with interest and attorney's fees, because it is contended that the evidence was that the minds of the parties did not meet in making the contract, as alleged. The testimony of M. H. Williams, which was corroborated by Robert Williams, who was present when the alleged contract was made, was to the effect: That one Sebastian Cinkovic came to his house and told him he was the agent of Mr. George Osvald, and wanted to buy for Mr. Osvald all the oak trees suitable for making staves that he could get, and told him that he would give him 10 cents per tree for all the trees he could buy and work up into staves in the neighborhood where he lived, and asked if he would help and assist them in buying the timber and let them have the timber he had under contract, and he told them that he would accept that proposition, and help them, and let them have what timber he controlled. That he made a trade for Mr. Wright's timber, and Mr. Osvald bought it; that is, marked it up and paid him 10 cents per tree. That he also traded for some timber for Mr. Osvald for Mr. Neal, Mr. Alford, and Mr. Reeves, and that he was paid his commission promptly, ten cents per tree. That he heard later that they had cut more of Mr. Reeves' timber than he had received commission on. In making this trade with Mr. Osvald it was understood that if he bought any oak trees from Williams, he was not to pay the commission of 10 cents per tree, and that he did buy some trees from him; that is, on his land. That they also bought the timber on 286 acres of land, a part of the James Mason league, about 1½ miles from where Williams lived, from Mr. W. W. Lawson, and worked up the trees into staves, but did not pay him his commission; and that he waited some time and met Mr. Osvald and asked him if he was going to pay him for the Lawson trees, and also asked him how many trees they had worked up, and that Osvald said there were 400 trees worked up on the Lawson tract; and that Mr. Sebastian Cinkovic would be over the next week and pay him, but that he was not paid; and that he went and got Jeff Vickers; and that he and Vickers counted the trees that had been worked up, and they had cut 1,035 trees; and that he considered he owed him under the trade and contract the sum of $103.50; and that he brought suit in the justice court of precinct No. 8, Sabine county, Tex. That he employed Mr. J. W. Minton to bring this suit, and would have to pay him.

The testimony of J. W. Minton was as follows:

"I made legal demand upon the defendant for plaintiff more than 30 days before the filing of the case in the justice court of precinct No. 8 in Sabine county for the amount sued for here, as required by law in such cases. Twenty dollars is a reasonable fee for representing the plaintiff in this case."

It is impossible for us to know what was in the minds of the parties, except from statement of the witnesses. From the testimony of the Williamses, father and son, which the court that tried the case seems to have relied upon, the contract was plain and simple, and no apparent reason exists why any ordinary mind should not comprehend the terms of the agreement. Therefore, as the trial court gave credence to the testimony, and as the witnesses were present, and it being its province to pass upon their credibility, we are unwilling to disturb its findings. This assignment is therefore overruled.

[4] More than two years elapsed from the time of the filing of the original petition, and the first amended original petition, and it is earnestly insisted that the first amended original petition set up a new and different cause of action. It will be noted that the only difference practically between the allegations of the original and the first amended original petition is the additional allegation that the timber was not only to be in Sabine county, but that it was to be in the neighborhood in which plaintiff resided. We do not believe that either the authorities or sound reason sustain the contention of the appellant. Instead of a new and different cause of action, the first amended original petition was between the same parties, for the same consideration, and in all respects identical save and except as above set out. Therefore we are constrained to hold that it was not a new and different cause of action from that pleaded in the original petition. We are not unmindful of the opinion handed down by the Court of Civil Appeals at Galveston in this case, reported in 169 S. W. 185, and we do not understand that there is any conflict between the principles announced in that case and the principle here announced. The court in that case says:

"It is well settled that facts not alleged, though proved, cannot form the basis of a judgment, * * * and that a judgment not responsive to the pleadings will be set aside."

The proof in that case was identical as here; that is, the contract embraced oak timber in Sabine county and in the neighborhood where plaintiff lived.

In deference to appellant's able brief and argument, we have carefully considered all matters raised by appellant's assignments, and while the testimony is, perhaps, lacking in some respects, still, as before said, we are not willing on this account alone to disturb the judgment of the lower court.

Believing that no reversible error has been committed in the trial of this case, the appellant's assignments of error are overruled, and the judgment is, in all things, affirmed. It is so ordered.