M. CASSIDY v. WILLIS & CONNALLY.

Decided October 21, 1903.

1.—Joinder of Actions—Conversion of Mortgaged Property.

It is now well settled that a suit for the foreclosure of a mortgage may be joined with an action for conversion of mortgaged property—following Cobb v. Barber, 92 Texas, 309.

2.—Jurisdiction—Nonresident.

Such a suit was properly brought against a party charged with the conversion in the county where his codefendants, liable with him, resided. Cobb v. Barber, supra. If a nonresident of the State his appearance and pleadings subjected him to the jurisdiction of the court. York v. The State, 73 Texas, 651.

3.—Practice—Record of Instrument—Diligence.

See the opinion in extenso for state of proof under which it is held that the court committed no error in refusing to hear evidence, and submitting to the jury, as an issue, whether the plaintiffs used proper diligence in having their mortgage recorded in the State of Arkansas.

Appeal from the District Court of McLennan. Tried below before Hon. Marshall Surratt.

*W. G. Cook* and *O. L. Stribling,* for appellant.

*J. B. Scarborough* and *H. P. Jordan,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—On June 1, 1901, the Campbell, Lewis & Harris Stock Association, a corporation under the laws of Texas, domiciled at Waco, Texas, executed to the appellees, Willis & Connally and Huff & McNeil, four promissory notes, amounting, with accrued interest at the date of the judgment in this case, to $834.56. To secure these notes a chattel mortgage was executed on a certain tent, seats, and miscellaneous assortment of trained ponies, dogs, monkeys, parrots, and other paraphernalia constituting a dog and pony show. This mortgage was properly recorded in McLennan County, Texas.

On June 13, 1901, this suit was instituted against said corporation as the sole defendant to recover on said notes and foreclose said mortgage.

On December 16, 1901, an amended petition was filed, in which appellant, M. Cassidy, who was alleged to reside in Bowie County, Texas, and Adolphus Bickham, sheriff of Miller County, Arkansas, were made defendants, and a recovery was sought by reason of substantially the following facts:

That after the institution of this suit a writ of sequestration was issued for the mortgaged property to Bowie County, Texas, and taken there to be executed, and on June 14, 1901, was levied upon a portion of said property. That this portion of the property was replevied by plaintiffs. That on the next day the remainder of said property not so levied upon by plaintiffs, being situated just over the line in Miller

County, Arkansas, was converted by defendants Cassidy and Bickham by the levy of an attachment in a suit of said Cassidy against said corporation. That while the property was being held under plaintiff's writ of sequestration, a bill of sale was executed to plaintiffs for all of said property, and at the same time, plaintiffs made an agreement to permit said corporation to have possession of said property, and make certain exhibitions, provided certain stated amounts should be realized within a specified time and paid on the notes of plaintiffs. This bill of sale and agreement were in writing, and are attached to the petition. It is also alleged that an agreement was made with Cassidy to release the property which he had levied on under his attachment, in order that the company might proceed with its performances. That under these agreements the portion of the property levied upon under the sequestration writ was delivered to said company, but that as soon as it was taken across the line into Miller County, Arkansas, the defendants Cassidy and Bickham forthwith levied their attachment upon all of said property. It is alleged that said Cassidy and Bickham had notice of plaintiff's rights.

We do not discover any evidence to show the agreement alleged on the part of Cassidy to release the property first levied on under his attachment and permit the company to proceed with its exhibitions. Aside from this, however, the facts alleged are, in our opinion, supported by the uncontradicted evidence in the record.

The evidence shows that when the attorneys for plaintiffs reached Texarkana, Texas, on the 13th day of June, 1901, the property was all on the Arkansas side. On the next day, however, an exhibition was to be given, and in the street parade, the bulk of the property was brought across the line, and plaintiffs levied their sequestration upon it.

Appellant Cassidy was at his home when the procession passed. He learned of the levy of the sequestration, and thereupon, on the next day, levied his writ of attachment upon such of the property as remained on the Arkansas side. He and his attorney testified and admitted that they knew of the levy, and the attorney admits that he knew that it was made under a writ of sequestration. On the 28th of June the remainder of the property which had been levied on under plaintiff's sequestration, and replevied by plaintiffs, was brought over the line into Arkansas, and was immediately levied on under appellant's attachment.

The only issue submitted to the jury was the value of the respective portions of the property levied on under the attachment at the dates of said levies, and the finding was that the property levied on on June 15th was worth $251.65, and that levied on on June 28th was worth $1038. Judgment was thereupon rendered against the corporation for the amount due upon the notes, with foreclosure of mortgage, and against said Cassidy and Bickham for the value of said property, as found by the jury, with the provision that said judgment might be satisfied by the payment of the judgment against said corporation.

The second and third assignments of error present the question of a misjoinder of parties and causes of action. That a suit for the foreclosure of a mortgage may be joined with an action for conversion of mortgaged property, is now well settled. Cobb v. Barber, 92 Texas, 309. This we understand to be the nature of the case made by the amended petition, and such is the judgment rendered.

It is next insisted that the exceptions should have been sustained to the jurisdiction of the court, the suit being brought in McLennan County, and it being alleged that the defendant, Cassidy, resided in Bowie County, Texas. The facts developed that Cassidy resided in Arkansas and was a nonresident of Texas. In either event, however, the court had jurisdiction. If he was a resident of Bowie County, Texas, he could be joined with the defendant corporation in the suit to foreclose the mortgage, and being properly joined as defendant, could be sued in McLennan County. Cobb v. Barber, supra. "If, on the other hand, appellant was a nonresident, his appearance and pleadings subjected him to the jurisdiction of the court." York v. State, 73 Texas, 651.

Under several assignments of error it is insisted that the court should have heard evidence and submitted to the jury issues as to whether plaintiffs used proper diligence in having their mortgage recorded in the State of Arkansas. We have concluded that the other evidence in the case dispensed with any necessity of hearing evidence upon or submitting such issues to the jury. When appellant levied his first attachment upon the property, he knew that a portion of this property had been levied on under plaintiffs' sequestration. The second levy of his attachment was levied upon the very property upon which the sequestration had been levied. Appellant testifies that he had no actual knowledge of the mortgage at the date of either levy, but his knowledge of the levy of the sequestration was sufficient to put him upon inquiry, and this inquiry could not have failed to develop complete knowledge of the mortgage.

We are therefore of opinion that the court below properly treated appellant as having full notice of plaintiffs' rights, and that the issue submitted was the only matter of fact necessary for the jury to determine.

All of the assignments have been carefully considered, and there being no error in the judgment, it is affirmed.

*Affirmed.*