The other matters complained of present no error.

The judgment is reversed, and the cause is remanded.

---

## BROWN v. GATEWOOD et al.

(Court of Civil Appeals of Texas. San Antonio. Dec. 13, 1911. On Motion of Appellee to Set Aside Submission of Motion for Rehearing, April 3, 1912. On Rehearing, Nov. 20, 1912.)

1. APPEAL AND ERROR (§ 564*)—EXCEPTIONS, BILL OF (§ 40*)—STATEMENT OF FACTS—TIME FOR FILING.

Where, by law, the term of court is authorized to continue for more than eight weeks, no order extending the time for filing statements of facts and bills of exceptions can be made in vacation, even though the term did not last the full eight weeks.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. § 564;* Exceptions, Bill of, Cent. Dig. §§ 44, 45, 57–64; Dec. Dig. § 40.*]

2. APPEAL AND ERROR (§ 564*)—STATEMENT OF FACTS—TIME OF FILING—EXCUSE.

Under Sayles' Ann. Civ. St. 1897, art. 1382, providing that whenever a statement of facts shall have been filed after the times prescribed, and the party tendering or filing it shall show to the satisfaction of the court of civil appeals that he used due diligence, and that his failure was not due to his own or his attorney's negligence, but was the result of causes beyond his control, it shall be considered a part of the record, an appellant whose attorneys, after being told by the official stenographer that he was going to be married and could not prepare the statement of facts within the time limited, made no effort to file a statement within the time prescribed, though it was short, and they had ample time to have prepared it, cannot excuse his failure upon that ground.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. § 564.*]

3. CHATTEL MORTGAGES (§ 275*)—FORECLOSURE—PARTIES.

In a proceeding for the foreclosure of a chattel mortgage on cattle, one who forcibly took the cattle from the possession of the trustee under the mortgage, setting up an adverse claim to them, is properly joined as a party, and an allegation of those facts states a cause of action against him.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 562; Dec. Dig. § 275.*]

4. APPEAL AND ERROR (§ 548*)—REVIEW—QUESTIONS PRESENTED FOR REVIEW.

In the absence of a statement of facts and bills of exception, questions going to the admission of evidence cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

5. CHATTEL MORTGAGES (§ 275*)—FORECLOSURE—JOINDER OF PARTIES PLAINTIFF.

Where one chattel mortgage was in favor of several persons who had separate claims against the mortgagor, the several claimants may properly join in an action of foreclosure; the chattel mortgage being a common security.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 562; Dec. Dig. § 275.*]

6. APPEAL AND ERROR (§ 1040*)—REVIEW—HARMLESS ERROR.

In an action to foreclose a chattel mortgage on cattle which defendant had taken from the trustee under the mortgage, defendant in his answer set up that the notes which plaintiff's mortgage was given to secure were fraudulent and given to enable the mortgagor to defeat his creditors, one of whom was defendant's grantor, and that defendant's grantor purchased the cattle by bill of sale from the mortgagor, and the defendant purchased them from him for a valuable consideration and without notice of plaintiff's claim. Held, that as defendant's plea of a bona fide purchase was a complete defense, and as it was not stricken out, the sustaining of an exception to that part of defendant's answer which averred that plaintiff's claims were fraudulent was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

7. APPEAL AND ERROR (§ 1031*)—REVIEW—PRESUMPTIONS.

In the absence of a statement of facts, it will be presumed, to sustain a judgment foreclosing a chattel mortgage, that defendant who could, under his plea of bona fide purchase, introduce evidence of that fact, failed to establish it, and hence was not harmed by the erroneous sustaining of an exception to his plea attacking the validity of the chattel mortgage, which plea could be sustained only by proof of a bona fide purchase.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–4046; Dec. Dig. § 1031.*]

8. MARSHALING ASSETS AND SECURITIES (§ 7*)—RIGHT OF SUBSEQUENT MORTGAGEE TO REQUIRE.

Though plaintiffs had several securities, and defendant had only a chattel mortgage on cattle upon which plaintiffs had a first, defendant cannot in an action of foreclosure invoke the doctrine of marshaling of assets merely because plaintiffs released some of the securities and received the proceeds of the others; it appearing that plaintiffs had no other securities at the time of foreclosure.

[Ed. Note.—For other cases, see Marshaling Assets and Securities, Cent. Dig. § 5; Dec. Dig. § 7.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

9. MARSHALING ASSETS AND SECURITIES (§ 7*)—RELEASE OF PART OF SECURITY—EFFECT.

Where plaintiff, who had several securities, released all save a chattel mortgage, defendant who had a second mortgage on the same chattels cannot invoke the doctrine of marshaling assets so as to take precedence over plaintiff, in absence of a showing that plaintiffs knew of defendants' intervening right.

[Ed. Note.—For other cases, see Marshaling Assets and Securities, Cent. Dig. § 5; Dec. Dig. § 7.*]

10. BILLS AND NOTES (§ 126*)—ATTORNEY'S FEE—"CONTRACT OF INDEMNITY."

A stipulation in a note to pay ten per cent. for attorney's fees, is a contract of indemnity, and not a penalty.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 272, 273; Dec. Dig. § 126.*]

On Motion of Appellee to Set Aside Submission of Motion for Rehearing.

11. APPEAL AND ERROR (§ 938*)—PRESUMPTIONS—TIME TO FILE—EXTENSION.

In the absence of some recital to the contrary in an order extending the time for filing of bills of exception, and statements of fact, it will be presumed, when such order was made in vacation, that it was made with consent, and did not violate the prohibition against the making of such orders in vacation.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3795–3803; Dec. Dig. § 938.*]

12. APPEAL AND ERROR (§ 564*)—EXCEPTIONS, BILL OF (§ 40*)—STATEMENTS OF FACT—TIME FOR FILING—ORDER.

Under Sayles' Ann. Civ. St. 1897, art. 1356, providing that, where there shall be a mistake in the judgment or decree, the judge may, in open court after notice, amend the same according to the truth, the trial court may, after an appeal has been taken, amend an order made in vacation extending the time for filing bills of exception and statements of fact, but such amendment cannot be made during vacation as it does not fall within the provision of article 1357, allowing corrections in calculation of names to be made in vacation.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. § 564;* Exceptions, Bill of, Cent. Dig. §§ 44, 45, 57–60; Dec. Dig. § 40.*]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Action by W. W. Gatewood and others against Fulton Brown and others. From judgment for plaintiffs, the first-named defendant alone appeals. Affirmed.

A. S. Rollins, of Amarillo, Barcus & North, of San Antonio, and Reeder & Graham, of Amarillo, for appellant. Knight & Slaton, of Hereford, and Theodore Mack, of Ft. Worth, for appellees.

JAMES, C. J. The amended petition of W. W. Gatewood, Wm. M. Knight, and Jno. P. Slaton, the last two being alleged to be partners under the firm name of Knight & Slaton, complained of J. W. Williams, D. B. Williams, J. S. Queen, Tom Riley, L. T. Lester, and Fulton Brown, and alleged, in substance: That on November 19, 1908, defendants J. W. Williams, D. B. Williams, J.

S. Queen, and Tom Riley, executed four notes, two for $500 each, one payable to W. W. Gatewood and the other to Knight & Slaton, and two for $1,000 each, due December 21st after date, one payable to Gatewood and the other to Knight & Slaton. That defendant J. W. Williams on same date executed two other notes for $1,500 each, one payable to Gatewood and the other to Knight & Slaton on January 1st after date. That J. W. Williams, D. B. Williams, and J. S. Queen on same date executed another note for $1,500, payable to Gatewood and Knight & Slaton. That all of said notes, except the two for $1,500 each, due January 1, 1909, which bear 10 per cent. interest from maturity, bear 10 per cent. interest from date, and all provide for 10 per cent. attorney's fee if collected by law or if placed in the hands of an attorney for collection. That to secure all of said notes J. W. Williams on November 19, 1908, executed to plaintiffs a chattel mortgage on 640 head of cattle, describing same, 20 head of cows, describing same, and certain horses and mules. That said chattel mortgage named J. L. Fuqua as trustee, who was authorized upon default of payment of principal or interest, or, if the mortgagor should sell or attempt to sell any of said property, to sell same in a certain manner with or without possession. That default occurred, that the holders of the notes elected to declare them due as the mortgage provided for, and that the trustee advertised the property on December 18, 1908, under the power of sale, and took possession of the cattle, and was holding same in a pasture where they had been running, and placed a man in charge of them, and that thereafter the defendant Brown unlawfully seized and forcibly took away same and drove them out of Parmer county, and is now setting up some sort of claim to them, the exact nature of which is not known to plaintiffs. That the chattel mortgage was forthwith deposited and filed in the office of the county clerk of Parmer county on November 24, 1908. That it has become necessary to institute this suit and to secure the services of an attorney in so doing, and that 10 per cent. of the amount of said notes stipulated for therein as attorney's fees is a reasonable compensation for said services.

Plaintiffs prayed for judgment in their favor for their respective debts, with interest, attorney's fees, and costs, "and that a decree be rendered reforming and correcting certain clerical errors and mistakes of the draughtsman in drawing the chattel mortgage so as to make it conform to the intention of the parties for the foreclosure of the chattel mortgage lien on the property herein described and order the same sold and the proceeds applied to the satisfaction of the several debts herein described and for such other relief, both general and special, to which plaintiffs may be shown to be en-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

titled." Plaintiffs further alleged that, after the cattle had been advertised for sale as aforesaid, the defendants Fulton Brown and L. T. Lester on or about December 1, 1908, unlawfully and forcibly seized, took into their possession, and converted to their own use 700 head of cattle which were at the time of the value of $16 per head, and that, if judgment cannot be rendered in plaintiffs' favor under the prayer heretofore made, they have judgment against the defendants Brown and Lester for a conversion of the property.

In a supplemental petition plaintiffs allege that on or about November 26, 1908, L. T. Lester, the vendor of the defendant Brown, accepted from the defendant J. W. Williams a chattel mortgage for the purpose of securing a note for $2,484.45 due 30 days after date, signed by J. W. Williams and Tom Riley, which mortgage described some of the same cattle that are described in plaintiff's mortgage, and among other things provided that it was understood that said mortgage was a second mortgage to that of plaintiffs, and that plaintiffs' mortgage was a first mortgage, wherefore Brown is estopped to question the validity of plaintiffs' mortgage.

In his third amended answer, the defendant Fulton Brown excepted generally, and specially setting up defect of parties plaintiff and defendant, and other special exceptions, general denial, and specially that Lester purchased from Williams certain cattle under a bill of sale, and thereafter defendant purchased 600 head of cattle from Lester who was in charge of same, paying him therefor the fair and reasonable value of same, $7,530; that at the time of the purchase he did not know of any claim of plaintiffs herein, and that he was an innocent purchaser for value and without notice; that the notes sued on are fictitious, fraudulent, procured by fraud, etc.; that plaintiffs were secured by deed of trust on 40 acres of land in New Mexico, and that it was agreed between the Williamses and plaintiffs that this land should be sold, and that plaintiffs would take the proceeds thereof in full satisfaction of their debt; that the land was sold, and defendants thereby released from the debt; that the mortgage sued on covered other property, and that plaintiffs should first exhaust their other security and are estopped from foreclosing the mortgage on the property which the defendant Brown purchased from Lester, which was purchased from Williams by Lester; that the securities be marshaled, etc. To this answer the plaintiffs replied by supplemental petition, excepting generally and specially, pleading general denial, etc. The defendant Williams admitted the execution of notes sued on, demurred to the answer of Lester and Brown, both generally and specially; pleaded that the transfer by him to Lester was a second mortgage

recognizing the existence of a first mortgage in favor of plaintiffs, etc.; that the note to Lester should bear certain credits; that any bill of sale executed by this defendant to Lester was without consideration. This pleading was duly verified. To this pleading Lester and Brown replied, excepting generally and specially, and pleading a general denial.

At the instance of Lester, demurrers were sustained to the pleadings of the plaintiffs, and he was dismissed from the suit. A jury trial resulted in verdict and judgment in favor of Gatewood against defendants, Williams, Queen, and Riley in the sum of $630.16, also $1,260.35, in favor of Knight & Slaton against said defendants in the sum of $630.19 and also $1,260.33, in favor of Gatewood against defendants Williams and Williams in the sum of $639.43, and in favor of Knight & Slaton against said defendants in the sum of $639.43, and in favor of all plaintiffs against defendants Williams, Williams, and Queen in the sum of $1,890.48; that plaintiffs have a joint mortgage against all defendants on certain cattle seized under a writ of sequestration, and that the market value of the cattle seized was $35 per head. Judgment was accordingly rendered in favor of plaintiffs in their individual names, with foreclosure of their mortgage lien on the cattle, directing issuance of order of sale, etc., and further that all the plaintiffs recover of E. F. Brown, known as Fulton Brown, and Lester and Abbott the sum of $15,000, being the amount of replevy bond for which execution may issue in favor of the respective plaintiffs to the amount of their several respective judgments herein rendered in favor of the respective plaintiffs; that costs of sequestration proceedings be taxed against Brown, etc. Fulton Brown alone filed a motion for new trial, which was overruled and notice of appeal entered. It appears that plaintiffs sued out a writ of sequestration, and that E. F. Brown replevied the cattle seized under it. The sequestration proceedings are not in the record, but the judgment recites "that the defendant Fulton Brown, by the name of E. F. Brown, had replevied the cattle seized under the writ of sequestration issued in this case by giving a replevy bond," etc.

The court sustained an exception to the final part of the amended petition which set up a conversion as a cause of action. The court also dismissed Lester from the suit upon demurrer.

[1] There is a motion to strike out the statement of facts and bills of exception, which we sustain under the ruling of the Supreme Court recently made in answer to a certified question in Pecos & Northern Texas R. R. Co. v. Cox (Sup.) 143 S. W. 606, not yet officially reported. The statement of facts and bills of exception were filed under an order of extension of time made in vacation, and the term at which the case was

tried was one authorized by law to continue for more than eight weeks. The term, however, held about four weeks, and appellant contends that the statute has application only to where the term may by law hold for more than eight weeks, and does, in fact, hold for more than eight weeks. The statute is plain in its application to terms which may by law hold for more than eight weeks, regardless of the actual duration of the term.

[2] Appellant claims, also, that the statement should be allowed for the reason that it is shown that due diligence was used by appellant to have same prepared and filed, and the failure to do so was the result of causes beyond his control under article 1382, Sayles' Rev. St. The fact relied upon is that, after the court had adjourned, the court stenographer informed counsel that he was going to marry, and could not prepare the statement of facts within the 30 days. It appears that counsel had about three weeks after this announcement to file statement of facts within the time. The only effort they made was to get the judge to make an unauthorized order extending the time. They made no effort to obtain a statement under sections 11 or 14 of the act (Acts 31st Leg. [1st Ex. Sess.] c. 39). The statement is a short one, and could readily have been prepared within the 30 days notwithstanding the default of the stenographer, and some effort in that direction should have been shown, after counsel discovered that the stenographer would not act.

[3] Under the first assignment of error the propositions are that plaintiffs' allegation that "the defendant Brown unlawfully seized said property and forcibly took them away from the possession of said trustee and drove said cattle out of Parmer county and is now setting up some sort of claim to them, the exact nature of which is not known to plaintiffs," does not state a cause of action against appellant, and that there was no prayer for relief against appellant. The nature of the pleading was to foreclose a chattel mortgage on the cattle. The allegation was sufficient to warrant the joining of Brown as a party for the purposes of foreclosure, and there was a prayer for foreclosure.

[4] The second assignment complains of the admission of the chattel mortgage in evidence, for the reason that it was not sufficient to identify any property, or put a person on notice as to what property was covered by same.

The third complains of the admission in evidence of the affidavit, writ, and return in sequestration upon the ground that the description of property therein was insufficient to identify any cattle, and because of variance.

The fourth complains of the admission in evidence of the sheriff's return on the writ of sequestration, upon the proposition that the writ having commanded the officer to seize property in possession of Fulton Brown and the return shows that he seized property from E. F. Brown, and further because there was no allegation that Fulton Brown and E. F. Brown were the same person, and it was error to admit any testimony to that effect.

The fifth complains of the admission of the chattel mortgage as evidence; the proposition being that there was a fatal variance between the notes described in the mortgage and the notes described in the petition.

The sixth is that the court erred in refusing to give a peremptory instruction for defendant Fulton Brown, upon the propositions that the evidence failed to connect said defendant with the cattle, and that there was no evidence that plaintiff had a mortgage on the cattle that Fulton Brown had. All the questions above sought to be raised went to the admission of evidence, and, in the absence of a statement of facts and bills of exception, cannot be considered.

[5] The seventh complains of the overruling of certain exceptions of appellant to the petition upon the ground that W. W. Gatewood and Knight & Slaton, having separate and distinct causes of action, could not join as plaintiffs in this suit. The chattel mortgage being a common security for the claims held by said plaintiffs, they were entitled to a joint foreclosure, and it was proper for them to join and assert their common right with reference to their security, or any wrongful interference therewith.

[6] The eighth assignment complains of the ruling sustaining certain exceptions of plaintiff and striking out parts of defendant Fulton Brown's answer. In those parts of the answer stricken out Brown pleaded and sought to show that the notes were fictitious and fraudulent, that the consideration had in part failed, and they were given in pursuance of a conspiracy to defraud Williams' creditors, one of whom was L. T. Lester. The exceptions that were sustained were addressed to all those parts of the answer which set up the above matters. They were properly stricken, unless it be otherwise from the allegations in the answer that on December 1, 1908, L. T. Lester bought the cattle by bill of sale from J. W. Williams and "that thereafter the said Lester was in charge of 600 head of said cattle, and that this defendant purchased said 600 head from Lester and paid him $7,530 therefor; that said price was a fair and reasonable price for same; that at the time he purchased same he did not know of the claim or pretended claim of the plaintiffs herein; and that he was and is an innocent purchaser of said cattle for value without notice of any claim." This was a plea that Brown was an innocent purchaser for value, which matter

was not a part of what was excepted and remained in the pleading. The rule in such a case is clearly stated in Robinson v. Martel, 11 Tex. 156, as follows: "If one, without notice of the previous sale, purchases of the vendor for a valuable consideration, he can set up the vices in the former sale, * * * but the (fraudulent) vendor cannot, nor can any person claiming through him, affected with notice, even if he is a purchaser for valuable consideration." It is difficult to understand why a defendant who establishes that he is an innocent purchaser for value should have any occasion to go further, and attack the previous fraudulent sale. The fact of innocent purchaser for value constitutes a defense complete in itself.

[7] This being true, Brown does not appear to have been prejudiced by the ruling. He still had his plea of innocent purchaser for value, and was not obstructed by the ruling from making proof of it. There being no statement of facts showing what the proof was, and he being at liberty to make such proof, we are bound to conclude, in favor of the judgment, that the proof was against the plea of innocent purchaser and in favor of plaintiffs' allegation that their prior mortgage was recorded as alleged; hence appellant was not injured by the ruling complained of.

[8] The ninth assignment complains of the sustaining of special exception No. 11 to appellant's answer. The proposition under this assignment is: "Appellees having as security for their debt a mortgage on a large number of stock and several tracts of land, appellant Brown, who purchased 600 head of said cattle, had a right to require plaintiffs to exhaust all their other security before resorting to the cattle he purchased." Defendant alleged that J. W. Williams at the time of giving the mortgage in question executed to plaintiffs a deed of trust on certain lots in Canyon City, Tex., and on 40 acres of land in New Mexico, to secure the notes, and that it was agreed and understood by Williams and plaintiffs that the latter should sell said Canyon City lots and the New Mexico property, and take the proceeds thereof in full satisfaction of the debt; that, in compliance with their said agreement, plaintiffs have sold and released said real estate, and have thereby collected all money due them, and have released defendants from all liability on the notes sued on; that plaintiffs' mortgage covers some other property therein described which has been sold by plaintiffs and applied or should have been applied on their debt; that the Canyon City and New Mexico property has been sold and applied or should have been applied on plaintiffs' debt, and plaintiffs should be required to give defendants credit for all amounts received by them on said property; and that, if plaintiffs have permitted the property on which they had deeds of trust and mortgage to be sold and have released same without applying the proceeds to their debt, they are now estopped from foreclosing their mortgage on the property which appellant purchased from Lester and Lester purchased from Williams; and that, if plaintiffs have any further security for their debt, they should be required to marshal their assets and exhaust all other security or securities before resorting to that purchased by appellant. The exception which the court sustained was: "Plaintiffs specially except to all that portion of defendant's answer in which they attempt to plead that plaintiffs have or ever had any other security than the chattel mortgage sued on and in which they attempt to require that plaintiffs be required to marshal securities, because the answer does not allege such facts as entitle the defendant to ask that plaintiffs be required to marshal securities." It will be seen from the above statement from defendant's answer that he alleges that the other security plaintiffs had, had been released or sold, and therefore they did not have any such property as security at the time of the trial. The objection which the court sustained to said portion of the answer was that facts were not alleged entitling defendant to marshal securities. If plaintiffs did not have the securities at the time, we do not understand how they could be required to marshal them.

[9] The allegation being that plaintiffs had released the other property they had as security, defendant had no right to require of them that they be charged with the value of such security, without an allegation that plaintiffs, when they released same or allowed the same to be sold away from them, knew of the intervening right of defendant. Vansickle v. Watson (Sup.) 123 S. W. 112.

The allegation that plaintiffs had received proceeds of the sale of such other security had nothing to do with the marshaling of the securities, but was in effect a plea of payment or part payment, and available to defendant as such, which the exception did not reach. The answer contained a plea or pleas of payment, which were not excepted to and not affected by the ruling now complained of. The proposition of appellant goes no further than to assert that defendant had the right to require plaintiffs to exhaust all their other security before resorting to the cattle defendant purchased. As the answer shows that all other securities had been released or disposed of, the proposition cannot be sustained.

The remainder of the assignments (except the thirteenth) would depend for their decision on the statement of facts, which has been stricken out.

[10] The thirteenth complains of the charge instructing the jury to find for 10 per cent. attorney's fees on the notes, which charge,

under the rule finally announced in Bank v. Robinson (Sup.) 135 S. W. 372, was correct. Affirmed.

### On Motion of Appellee to Set Aside Submission of Motion for Rehearing.

[11] The court concludes that the decision rendered by the Supreme Court in Pecos & N. T. Ry. Co. v. Cox (Sup.) 143 S. W. 606, makes it mandatory upon us to consider the statement of facts, as the record now stands; the presumption, in the absence of some recital, in the order, extending the time, to the contrary, being that it was made by consent. Appellees, in view of the above decision, have presented an application to set aside the submission of the motion for rehearing and to permit appellees to file in answer to the motion what it sets forth, or, in the alternative, for this court to grant a writ of certiorari to the district clerk to bring up, as a part of the record, an order recently made by the district court, amending the record of that court, and showing that the order of extension of time was in fact entered without consent.

[12] We entertain no doubt of the power of the district court to make such an order of correction at this time under the provisions of article 1356, Sayles' Rev. St., but not in vacation as this was done. The corrections provided for in article 1357 are allowed to be made in vacation. The present motion with affidavits and exhibit attached and the answer thereto with affidavits attached inform us that there is a probability that the extension of time for filing the statement of facts was without consent. Among other things, there is attached to the motion a certified copy of the vacation order recently made (on Dec. 12, 1911) by the district judge, purporting to amend the record by a finding that the extension was made without consent.

We think it is proper, under the circumstances, to hold the case, upon the motion for rehearing, which has been duly submitted, until appellees are afforded the opportunity to obtain the district court's order on the subject in term time at the next term and upon proper notice, and it is so ordered.

### On Rehearing.

FLY, J. At a former term of this court, the judgment in this cause was affirmed, and, while the motion for rehearing was pending, a motion was made to set aside the submission and permit a corrected record to be filed as to the action of the trial judge in extending the time in which to file a statement of facts. This court in view of the decision in Pecos & N. T. Ry. Co. v. Cox (Sup.) 143 S. W. 606, which held that, in the absence of an agreement of the parties to an extension of time, the presumption will be indulged that they did agree, if the court extended the time, permitted the correction to be made. To rebut the presumption in which the Supreme Court deems it proper for appellate courts to indulge, time was asked to obtain action from the district judge showing that there was no such agreement. In open court the district court has entered a decree to the effect that no such agreement was made, and it has been properly certified to and is on file in this court.

In the light of that record, we adhere to our former opinion, and overrule the motion for rehearing.