JEVAS v. SACKOS.

1. CHATTEL MORTGAGES—FORECLOSURE—PURCHASER OF MORTGAGED PROPERTY NOT NECESSARY PARTY—PROPER PARTY.

   One to whom the mortgagor claims to have sold mortgaged property was not a necessary party to foreclosure proceedings, where there was no claim in the answer that the property had been sold and no question raised as to want of necessary parties, although he was a proper party and might have been brought in had the question been raised, and therefore·is not bound by the decree.

2. APPEAL AND ERROR—RIGHTS OF ONE NOT A PARTY NOT ADJUDICATED.

   The Supreme Court cannot adjudicate the rights *sua sponte* of a party not before the court in foreclosure proceedings or on the appeal of one from whom he claims to have purchased the mortgaged property.

Appeal from Wayne; Gilbert (Parm C.), J., presiding. Submitted June 12, 1928. (Docket No. 108, Calendar No. 33,406.) Decided July 24, 1928.

Bill by Peter Jevas against Tom Sackos and others to foreclose a mortgage. From a decree for plaintiff, defendant Sackos appeals. Affirmed.

*Abbott & Coulter*, for plaintiff.

*L. E. Barnett*, for appellant.

FELLOWS, J. June 7, 1923, defendants Tom Sackos and Harry Vlahos gave Bill Pappas a chattel mortgage on their two-thirds interest in a restaurant and rooming house at 725-727 Bates street, Detroit, covering furniture, fixtures, equipment, and the leasehold interest to secure the payment of $3,000. The chattel mortgage was filed and has since been properly re-

newed.    This mortgage was later assigned to plaintiff.    In the fore part of 1926, plaintiff learned that the personal property on the ground floor had been sold at auction and that the leasehold interest had been sold to defendant W. J. O'Keefe for $7,000, of which sum $3,000 had been paid in cash.    Some payments had been made from time to time on the mortgage but there was a substantial amount due, and this bill was filed to foreclose it and O'Keefe was restrained from paying the balance of the purchase price of the leasehold interest.    Upon the hearing it was conceded that there was then due on the mortgage $1,921.12. Defendant Harry Vlahos was not present at the hearing, defendant Tom Sackos testifying that he had purchased his interest after the mortgage was given. · He also testified that he had sold the two-thirds interest to his brother Mike, and that a bill of sale was given, but it does not appear in the record.    Mike Sackos was not a party but was a witness on the hearing. He admitted that he knew of the mortgage, was present when it was executed, and knew that it had not been paid.    He claims to have purchased from his brother the two-thirds interest, but admits he has not paid his brother anything.    The testimony of both brothers was so inconsistent with that given by disinterested witnesses and so self-contradictory that the trial judge announced from the bench that he should call upon the prosecuting attorney to institute a prosecution for perjury against both of them.    He was fully justified by the record in such course.    From a decree for foreclosure, defendant Tom Sackos appeals.

The issue submitted to this court is thus stated in appellant's brief:

"Question Involved.    Can the court decree that Mike Sackos, a stranger to the suit, obtain title to the whole of said premises subject to a chattel mortgage, when the bill of sale upon record recites free and clear title,

without the joining of such individual as a party in the cause?"

We understand from appellant's brief that it is here claimed that the suit may not be maintained by reason of want of necessary parties. We find no motion to dismiss for want of necessary parties. The answer of defendant is not printed in the record, but we have read the original on file in the clerk's office and find no such claim there asserted, nor is there any claim in the answer that the property has been sold to Mike Sackos. The cases cited in appellant's brief (*Miller* v. *Thompson,* 34 Mich. 10; *Payne* v. *Avery,* 21 Mich. 524; *Peninsular Stove Co.* v. *Crane,* 226 Mich. 130) do not sustain the contention that Mike Sackos was a necessary party. While he was doubtless a proper party, and no doubt would have been made a party had plaintiff known of the alleged sale to him, or he might have been brought in afterwards had the answer set up such sale, and while he is in no way bound by the decree, he is not a necessary party (*Avery* v. *Ryerson,* 34 Mich. 362; *Woods* v. *Love,* 27 Mich. 308), and the bill can not be dismissed for want of proper parties. Upon this record he not only had constructive notice, but he was present when the mortgage was drawn and knew it had not been paid, and had actual knowledge. Not being before the court, however, we can not adjudicate his rights *sua sponte* or on the appeal of his brother.

The decree will be affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.