BEERS, RESPONDENT, *v.* W. P. DEVEREUX CO. ET AL., DEFENDANTS; EDGAR STATE BANK, INTERVENER AND APPELLANT.

(No. 6,600.)

(Submitted March 6, 1930. Decided March 26, 1930.)

[286 Pac. 406.]

*Mr. C. C. Rowan,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. M. V. Beers, pro se,* submitted a brief.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff brought this action to foreclose a chattel mortgage on a crop, given to secure the payment of a promissory note, and for damages for the conversion of the mortgaged property.

The crop consisted of wheat raised on land owned by defendant Long and which she had mortgaged in 1922 to intervener, the Edgar State Bank. The real estate mortgage is the same one involved in *Long* v. *Devereux Co. et al.,* ante, p. 198, 286 Pac. 402. The chattel mortgage on the crop was executed by defendant Long to plaintiff on May 15, 1926, and filed for record on August 13, 1926. During the year 1926 the land was worked by S. M. Thornton as tenant. Intervener brought action in December, 1925, to foreclose its real estate mortgage, of which proceeding plaintiff had knowledge when he took the chattel mortgage on the crop. On August 2, 1926, intervener served notice on Thornton to the effect that it claimed the rents and profits on the land since December 28, 1925. By stipulation the records in the bankruptcy proceedings and all of the other evidence introduced in the case of *Long* v. *Devereux Co. et al.* was to be considered as admitted in this case.

The cause was tried to the court without a jury, resulting in judgment for plaintiff, from which this appeal was taken by defendant company and intervener. Defendant Long defaulted in the action.

The only questions presented here, in addition to those involved in the case of *Long* v. *Devereux Co. et al.*, are that there is a misjoinder of parties defendant and an improper uniting of causes of action. These questions were raised by demurrer to the complaint by defendant company and intervener and by motion for nonsuit.

The action, so far as it affects defendant Long, is to recover on the promissory note and to foreclose the chattel mortgage, and as to defendant W. P. Devereux Company, it seeks damages for conversion of the wheat covered by the chattel mortgage. Defendant company and intervener contend that the causes of action are improperly united under section 9130, Revised Codes 1921.

Generally speaking, an action in tort may not be joined with one on contract. (*Nelson* v. *Great Northern Ry. Co.*, 28 Mont. 297, 72 Pac. 642; *St. George* v. *Boucher*, 84 Mont. 158, 274 Pac. 489.) But to this general rule there are exceptions. By section 8286, Revised Codes 1921, an action for the foreclosure of a chattel mortgage "may be joined in an action for the recovery of the possession of the property mortgaged." By virtue of this statute an action to foreclose a chattel mortgage may be united with an action in claim and delivery to recover the mortgaged chattels. (*Clark* v. *Baker*, 6 Mont. 153, 9 Pac. 911.)

Likewise, section 9078 provides in part: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to the complete determination or settlement of the question involved therein." And under section 9090 the court is empowered to bring in all parties to a controversy in order to accomplish a full and complete determination of the matters

before it. Under similar statutes the supreme court of Idaho has held that an action to foreclose a chattel mortgage may be united with one in conversion against the purchaser of the mortgaged chattels. (*Bank of Roberts* v. *Olaveson*, 38 Idaho, 223, 221 Pac. 560, 562; *Berg* v. *Carey*, 40 Idaho, 278, 232 Pac. 904.) The reasoning of the court in the *Olaveson Case* is summed up as follows: "This action is one in equity, which being true, in order to settle the entire controversy and avoid a multiplicity of suits, it was proper for the plaintiff to set out his cause of action against all of the defendants who claimed an interest in the property mortgaged or who had converted it to their own use." The decisions of the Idaho court are in harmony with the general rule in other jurisdictions. (11 C. J. 722, 723; *German-American Bank* v. *Seattle Grain Co.*, 89 Wash. 376, 154 Pac. 443; *Bollen* v. *Wilson Creek Union G. & T. Co.*, 90 Wash. 400, 156 Pac. 404; *Parlin etc. Co.* v. *Miller*, 25 Tex. Civ. App. 190, 60 S. W. 881, 882; *Bowers* v. *Bryant-Link Co.*, (Tex. Com. App.) 15 S. W. (2d) 598; *Cassidy* v. *Willis & Connally*, 33 Tex. Civ. App. 289, 78 S. W. 40; *Brown* v. *Gatewood*, (Tex. Civ. App.) 150 S. W. 950; *Jevas* v. *Sackos*, 243 Mich. 495, 220 N. W. 769; 2 Bancroft's Code Pleading, sec. 1145, p. 1811.) In the *Parlin Case*, supra, the court said: "Such a purchaser with notice, who destroys the subject of the mortgage, becomes liable to the mortgagee for the value of the property to the extent of the debt. Looking at the substance instead of form, the consequence of such an act is to make him liable for the debt *pro tanto.*"

Section 9130 does not require that the causes of action united in one action should affect all parties equally or in the same manner. (Pomeroy's Code Remedies, 5th ed., sec. 374; 1 C. J. 1063; 1 R. C. L. 365; *Pleins* v. *Wachenheimer*, 108 Minn. 342, 133 Am. St. Rep. 451, 122 N. W. 166.)

The court did not err in overruling the demurrer to the complaint or in denying the motion for nonsuit.

Other questions presented by this appeal are controlled by the principles announced in the case of *Long* v. *Devereux Co., et al., supra.*

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.