## MISSISSIPPI FIRE INS. CO. v. STURDIVANT.
### No. 3378.

Court of Civil Appeals of Texas. Amarillo.
March 26, 1930.

Rehearing Denied April 30, 1930.

Davenport & Crain, of Wichita Falls, for appellant.

Heyser & Hicks, of Wichita Falls, for appellee.

HALL, C. J.

In this case the appellee recovered judgment against the appellant insurance company upon a policy of fire insurance, issued in the sum of $1,300.

The record contains no assignments of error other than the assignments set out in the motion for new trial. No assignments of error are copied in the brief, and assignments not so brought forward are considered as waived. In the absence of assignments of error in the brief, this court can consider only fundamental errors apparent upon the face of the record. Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844; 3 Texas Jurisprudence, § 588.

It appears that the statement of facts was not filed in the trial court and in this court within the time required by law. The appellant has filed a motion to permit the statement of facts to be considered, and, as an excuse for not having filed it in time, attaches to the motion an affidavit by the court stenographer, in which it is stated that, soon after the trial, appellant's counsel ordered the statement of facts to be made, but that affiant, the stenographer, became seriously ill and was taken to the hospital where she remained a large part of the summer, and was not able to do any kind or character of work for a long time. She further states that, soon after her recovery, she began working on the statement of facts and delivered it to appellant's counsel as soon as possible after recovering from her illness, but that the delivery was after the expiration of ninety days and after the transcript had been filed in the Court of Appeals.

We think this is insufficient. It does not affirmatively appear when the stenographer went to the hospital, how long she stayed there, nor when she was discharged, and was ready to go to work, nor are any facts shown excusing appellant from not proceeding to prepare a statement of facts independently of the stenographer and her notes. 3 Texas Jurisprudence, § 486; Brown v. Gatewood (Tex. Civ. App.) 150 S. W. 950; International & G. N. Ry. Co. v. Alexander (Tex. Civ. App.) 135 S. W. 703.

For this reason, the motion to have filed and considered the statement of facts is overruled.

No fundamental errors are apparent upon the face of the record.

The judgment is therefore affirmed.