ROGERS v. RODGERS et al.

No. 32019. Feb. 12, 1946.

*165 P. 2d 986.*

Allen G. Nichols and Pliny S. Frye, both of Wewoka, and Chas. B. Rogers, of Tulsa, for plaintiff in error.

Sandlin & Balch, of Holdenville, for defendants in error.

CORN, J. The question presented by this appeal is whether a, district court has jurisdiction to hear and determine an action involving money belonging to a restricted Indian.

Plaintiffs, practicing attorneys, had successfully prosecuted certain litigation which culminated in Newman Harjo being declared to be an heir at law of one Cully, deceased, a restricted Indian.

Plaintiffs brought this action alleging they had successfully prosecuted certain litigation in behalf of Newman Harjo, establishing him as an heir of one Cully, deceased, a restricted Indian. Further, that the Department of Indian Affairs had set aside $8,000 to defray attorney fees and expenses, and that of this sum $4,300 had been paid, but Harjo had failed and refused to pay the remaining $3,700. Also, that defendant Rogers had declared some pretended interest in the said funds which was being held by the Department of Indian Affairs until it was judicially determined what attorney or attorneys it belonged to. Plaintiffs asked judgment for $3,700, that the pretended claim of defendant

Rogers be denied, and that they have judgment.

Notice of pendency of this action in district court of Hughes county was given Superintendent of the Five Civilized Tribes under provisions of Act of April 12, 1926 (44 Stat. 239), and the district court was later notified by the Assistant United States Attorney that the matter would not be removed to the federal court.

Rogers, a resident of Tulsa county, filed a motion to quash service of summons which was overruled, and then filed answer, objecting to the court's jurisdiction to hear and determine the matters involved. By cross-petition Rogers then alleged plaintiffs had been paid $4,300 for their services, as fixed by Department of Indian Affairs, that defendant had been employed to prosecute Harjo's claim, and that plaintiffs first entered the case upon appeal to the district court by agreement with defendant, but had made a new contract with Harjo, excluding defendant; that thereafter this matter was successfully prosecuted through the courts, including an appeal to this court; that defendant was entitled to one-half of all fees allowed by Secretary of the Interior, and defendant was entitled to judgment for at least $4,000 or the $3,700 held by Department of Indian Affairs, plus judgment of $300 against plaintiffs, and prayed judgment accordingly.

At the conclusion of the hearing the trial court found that defendant Rogers had abandoned the Harjo case in the county court and did not thereafter appear for defendant Harjo; found all the issues in favor of plaintiffs, denied defendant's right to participate in the $3,700 and rendered judgment in behalf of plaintiffs for said sum, together with costs against defendant.

Upon hearing of the motion for new trial the court stated it was still the judgment of the court that Rogers had abandoned the cause after losing same in the county court, overruled the mo-

tion for new trial, and rendered judgment for plaintiffs, from which judgment Rogers has appealed.

The several assignments of error urged in behalf of reversal of this judgment are presented by three contentions, viz., (1) the trial court had no jurisdiction of the subject matter of the action; (2) the trial court had no jurisdiction over defendant; (3) the trial court was without jurisdiction to render the judgment insofar as same might affect rights of defendant. The entire argument under the first proposition is that the district court had no jurisdiction of the subject matter and therefore the judgment was wholly void.

In behalf of this contention defendant urged that the subject matter of the litigation was property of a restricted Indian controlled by the Secretary of the Interior, and absent an express authorization, the district court of Hughes county was without jurisdiction to adjudicate any matter concerning the disposition thereof, the subject matter to be affected not being within the court's jurisdiction.

Without considering the question whether this is a matter to be urged by defendant, we are of the opinion the district court of Hughes county did have jurisdiction. The Superintendent of the Five Civilized Tribes had been notified of the pendency of the action as required by provisions of the Act of Congress of April 12, 1926, 44 Stat. 239, providing for removal of causes to the federal court. However, after being granted time to file petition for removal, the Assistant United States Attorney notified the district court said cause would not be removed and that the department considered the matter closed.

Further, defendant's argument to the effect that because the money in question was derived by inheritance from a restricted Indian it was in the hands of the Secretary and still restricted is of no effect. Certainly it cannot be denied that Harjo could have been sued in the county of his residence by any-

one. The mere fact he was a restricted ward of the government could never be said to preclude him from being named as defendant in an action brought to recover any debt he owed, and this is true whether the Secretary of the Interior recognized a judgment secured against him in such action or not.

Such is the exact situation here, to which, in additions, must be added the important factor of the Secretary of the Interior having set aside this fund of $8,000 for attorney fees and expenses in connection with the litigation by which Harjo's interests in the Cully estate were established.

Plaintiffs had successfully prosecuted Harjo's claims under an agreement to which the Secretary of the Interior had acceded, at least to the extent of allocating this $8,000 to be paid out as necessary and required expense. A part of this fund had been paid to plaintiffs, but Harjo refused to concur in paying out the remainder until it was determined who, as between the plaintiffs and this defendant, was entitled to the remaining $3,700.

We are not impressed with defendant's argument that the present action was an action in rem, and for this reason the presence of the res was essential to invest the court with jurisdiction to hear and determine the matter. A complete answer to this contention is that the Secretary of Interior not only did not see fit to remove this cause to the federal courts, but had already set up a particular fund out of which these expenses were to be paid and, *in addition to this*, had already authorized the paying out of $4,300 of this fund. To us this clearly demonstrates that the Secretary recognized the propriety of such expense, and was awaiting only adjudication of the question as to whom the remainder of the fund belonged before making such payment. In view of these circumstances there is no necessity for deciding defendant's contention that this was not an action in personam, but an action in rem.

Defendant's second contention is that the district court of Hughes county never acquired jurisdiction of his person.

When defendant's motion to quash service of summons was overruled defendant filed his answer, renewing his plea to the lack of jurisdiction in the district court of Hughes county. Then in the same pleading, in the portion denominated as a cross-petition, defendant alleged he had participated in the legal proceedings whereby Harjo's rights were determined and that he was entitled to judgment of at least $4,000, of which $300 should be the joint and several liability of defendant Harjo and the plaintiffs.

We have consistently held that where a defendant to an action files a cross-petition, wherein he seeks affirmative relief against the plaintiff, he thereby submits himself to the jurisdiction of the court for all purposes of the entire action, and estops himself from questioning the court's jurisdiction in the first instance. See Kansas, O. & G. Ry. Co. v. Smith, 190 Okla. 103, 125 P. 2d 180, and the cases cited therein.

In view of our holding that the trial court had jurisdiction of the subject-matter of the action, and by reason of defendant having submitted himself to the jurisdiction of the trial court for all purposes, it follows that the judgment of the district court of Hughes county should be and is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur.