## PRATHER v. SOUTHERN EXPRESS, Inc.

### No. 2872.

Court of Civil Appeals of Texas. Waco.

Sept. 29, 1949.

Owen F. Watkins, Mexia, for appellant.

Callaway & Reed, Dallas, for appellee.

LESTER, Justice.

Southern Express, Inc., instituted these proceedings to establish a foreign judgment it had obtained against the appellant C. G. Prather in the District Court of Atoka County, Oklahoma.

The appellant was operating his automobile in said county on a public highway when his car and a motor vehicle being operated on said highway by one of appellee's employees collided. Appellee instituted suit in the District Court in Oklahoma to recover damages as the result of the alleged negligence of the appellant. Appellant employed counsel, and through his counsel filed an answer in said cause, in which he pleaded (1) a general demurrer; (2) special exceptions questioning the sufficiency of the allegations of negligence of appellee's pleadings; (3) a general denial; and (4) a cross-action in which he sought to recover damages as the result of the alleged negligence of appellee's employee; but he seems to have taken no further action in the matter in said court. Appellee, at the time suit was filed and judgment rendered, was domiciled in Dallas County, Texas, and appellant was a resident of Limestone County, Texas.

The appellant advances three propositions contending that the judgment rendered by the District Court of Oklahoma is void because: (1) it did not have active jurisdiction over the subject matter; (2) appellant being a resident of Texas at the time, the court did not acquire active jurisdiction over his person; and (3) both parties being residents of Texas, the proceedings to obtain a foreign judgment in Oklahoma were void.

We are unable to agree with either of the theories advanced. The District Court of Oklahoma is a court of general jurisdiction, and the appellant, by appearing and filing his answer and cross-action in said cause, submitted himself to the jurisdiction of the court and vested in the court ample power to render a personal judgment against him. Long Island Machinery & Equipment Co., Inc., et al. v. Baird, Tex. Civ.App., 117 S.W.2d 565; York v. State, 73 Tex. 651, 11 S.W. 869; Cassidy v. Willis & Connally, 33 Tex.Civ.App. 289, 78 S. W. 40; Svrcek v. Hahn, County Judge et al., Tex.Civ.App., 103 S.W.2d 840; Grizzard v. Brown, 2 Tex.Civ.App. 584, 22 S.W. 252; Peacock et al. v. Bradshaw et al., 145 Tex. 68, 194 S.W.2d 551, 555; Rogers v. Rodgers, 196 Okl. 478, 165 P.2d 986.

Finding no error in the record, the judgment of the trial court is affirmed.